**Patsy Ruth ARCHER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24636.**

United States Court of Appeals
Fifth Circuit.

April 11, 1968.

Rehearing Denied May 20, 1968.

that it was error to admit in evidence a statement which she made to an agent of the Federal Bureau of Investigation during an interview which took place in the familiar surroundings of her own place of business while her husband was present. Admitting, as she must, that she was given all of the warnings required by it and that she was expressly told that she was not under arrest, she nevertheless tries to stretch *Miranda* [1] to fit her stituation, claiming that she never affirmatively stated that she did not desire an attorney present and that her silence alone, or the fact that a statement was obtained, will not constitute a waiver. This just will not do. *Miranda* is specifically limited to custodial interrogation. She was not in custody nor was she otherwise deprived of her freedom of action in any significant way. Evans v. United States, 377 F.2d 535 (5 Cir. 1967). Moreover, she testified as a witness in her own behalf consistently with the exculpatory type statement given.

■ Appellant also complains that no instruction was given to the jury with respect to how the testimony of an accomplice should be weighed. Even if the witness, who testified for the government about the stealing of the automobile and its transportation, was an accomplice, Mrs. Archer neither requested such an instruction nor made any objection with respect thereto after the instructions had been given. Failure to comply with the provisions of Rule 30, Federal Rules of Criminal Procedure, forecloses this issue here, since considering all of the circumstances in connection with the trial of this case as shown by the record, we can not say that this omission in any way affected the substantial rights of appellant. Rule 52, Federal Rules of Criminal Procedure; Wall v. United States, 384 F.2d 758 (10 Cir. 1967), and Walker v. United States, 285 F.2d 52, 61 (5 Cir. 1960).

■ Additionally, appellant complains that the trial court declined to require the United States Attorney to furnish a

George P. Gardere, Dallas, Tex., for appellant.

B. H. Timmins, Jr., Andrew Barr, Asst. U. S. Attys., Dallas, Tex., for appellee.

Before COLEMAN and CLAYTON, Circuit Judges, and JOHNSON, District Judge.

CLAYTON, Circuit Judge:

■■ Appellant seeks reversal of her conviction on one count of a two-count indictment which charged her with the interstate transportation of a stolen automobile from Memphis, Tennessee, to Dallas, Texas, knowing it to have been stolen. 18 U.S.C. § 2312. She asserts

1. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

list of all witnesses on whose testimony the indictment was returned and a list of all other witnesses which the United States expected in good faith to call. Because of the limitations which appear on the face of the language in Rule 16, Federal Rules of Criminal Procedure, we can not say that this was in any way an abuse of discretion on the part of the district judge. The motion was made first on the morning of the trial upon the single ground that the names of the government witnesses needed to be known to make certain that they all would be placed under the rule of sequestration, which defendant proposed to invoke. Such a claim is without merit, since the rule could have been invoked whether the names of the witnesses were known in advance to Mrs. Archer's attorney or not. Moreover, the claim now made here for the first time on this point is that defendant would have interviewed these witnesses to determine how "firm" they were in their testimony is without merit, because of the late filing of the motion and the fact that the case in chief of the prosecution was completed shortly after 11:00 a. m. of that same day. Without a continuance, for which no motion nor basis appears, such interviews could not have been accomplished. The claim is also now made that with such a list appellant would have inquired of one of the witnesses for the prosecution whether he had given a written statement or not. To ask this question, requires no such list, and it is significant that *none of the witnesses for the prosecution were asked on cross-examination about written statements given.* Appellant would have been entitled to see and examine such a statement before cross-examination of the witnesses. 18 U.S.C. § 3500.

Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1936), which is relied on by appellant in contending that the district court committed error in denying her motion to require the United States to produce any evidence in its possession which would be helpful to her, has no application here. There is nothing in the record before us which indicates or suggests in any way that there is any such evidence in existence. In fact, the indications are to the contrary, since the government makes the flat statement in brief that there is no such evidence within the possession or knowledge of the United States Attorney's Office or the Federal Bureau of Investigation. The appellee also unequivocally asserts that there is an affirmative duty upon the government to divulge on its own initiative any evidence favorable to a defendant, regardless of whether a request is made therefor or not, citing United States ex rel. Meers v. Wilkins, 326 F.2d 135, 137 (2 Cir. 1964), and Barbee v. Warden, Maryland Penitentiary, 331 F.2d 842, 845 (4 Cir. 1964). This duty, appellee says, is recognized and strictly complied with by the United States Attorney for the Northern District of Texas.

We have the firm view that appellant received a fair trial and that no error has been brought to our attention which would require reversal. The case should be and is

Affirmed.