**UNITED STATES of America, Plaintiff,**

v.

**Eugene BOFFA, Sr., Francis Sheeran, Louis Kalmar, Sr., Robert Boffa, Sr., Chandler Lemon, David Mishler, and Robert Rispo, Defendants.**

Crim. A. No. 80–36.

United States District Court, D. Delaware.

Feb. 17, 1981.

---

See also, D.C., 513 F.Supp. 505, D.C., 513 F.Supp. 512, D.C., 513 F.Supp. 517.

Joel M. Friedman, Edward J. Levitt and Ronald G. Cole, Philadelphia Strike Force, Philadelphia, Pa., Kenneth F. Noto, U. S. Dept. of Justice, Washington, D. C., and James W. Garvin, Jr., U. S. Atty., Wilmington, Del., for plaintiff.

James C. Schwartzman of Schwartzman & Hepps, Philadelphia, Pa., for defendant Eugene Boffa, Sr.

Glenn A. Zeitz of Zeitz & Zeitz, Philadelphia, Pa., for defendant Francis Sheeran.

Thomas C. Carroll of Carroll, Creamer, Carroll & Duffy, Philadelphia, Pa., for defendant Louis Kalmar, Sr.

Ronald F. Kidd of Duane, Morris & Heckscher, Philadelphia, Pa., for defendant Robert Boffa, Sr.

Thomas A. Bergstrom, Philadelphia, Pa., for defendant Chandler Lemon.

Frederick W. Iobst of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendant Robert Rispo.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

This is a criminal action in which the defendants are charged with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d) and the substantive violation of that Act, 18 U.S.C. § 1962(c). In addition, some of the defendants are charged with violating the criminal provisions of the Taft-Hartley Act, 29 U.S.C. § 186 and the mail fraud statute, 18 U.S.C. § 1341. The eleven count indictment was returned by the Grand Jury on July 14, 1980.

Presently before the Court is defendants' joint motion for discovery and for a pretrial evidentiary hearing regarding certain issues posed by the status of co-defendant Robert Rispo, who was revealed by the government on January 8, 1981 to have been a government informant. (Docket Item ["D.I."] 137). In support of their motion, defendants state, upon information and belief, that Rispo has been a government informant since 1973, that he has supplied information regarding the subject matter of the indictment returned in this case and the defendants herein at least since May, 1978, and that he has continued to furnish information to the government after the return of the indictment and up to the present date. (D.I. 137 at 1–2). Defendants further maintain that between the return of the indictment on July 14, 1980 and January 8, 1981, when Rispo's informant status was disclosed, some of the defendants and their attorneys had conversations with Rispo concerning defense strategy and all the

attorneys discussed defense strategy with Rispo's first court-appointed counsel,[1] who defendants maintain was unaware of Rispo's status as a government informant. (D.I. 137 at 3). Defendants have moved for a pretrial evidentiary hearing which they claim is necessary to determine whether there has been an improper governmental intrusion into the defendants' attorney-client relationships. Defendants additionally have moved the Court for an order granting comprehensive discovery of information concerning Rispo in advance of the pretrial evidentiary hearing.

The government has responded to defendants' motion by providing an affidavit from Ronald Cole, Special Attorney with the Philadelphia Strike Force, who is the attorney currently assigned to prosecute the instant indictment. (D.I. 143). Cole's affidavit states that: (1) none of the members of the Philadelphia Strike Force has received any information either from Rispo or any other source which could be characterized as defense tactics; (2) immediately prior to the return of the indictment, Joel Friedman, Attorney in Charge, Philadelphia Strike Force, advised Special Agent Frank Storey of the F.B.I., the supervisor of Special Agent Quinn John Tamm who was assigned as case agent to Rispo, that Rispo was going to be indicted; (3) Friedman further advised Storey: (a) that the F.B.I. would have to terminate Rispo as an informant as of the date of the indictment; (b) that if Rispo initiated any contact with the F.B.I., the case agent assigned to Rispo, Quinn John Tamm, was to advise Rispo not to discuss defense tactics with him; and (c) that if, despite Tamm's instructions, Rispo inadvertently discussed defense tactics with him, Tamm should not disclose the information to the prosecution team; and (4) Storey advised Friedman that the F.B.I. had no objection to Rispo's indictment and would no longer solicit information from Rispo, and Rispo was subsequently advised not to disclose any information he received from the defendants concerning their defense tactics to the F.B.I. Cole's affidavit further states that: (5) Robert Rispo is a bona fide defendant; (6) Rispo and the government have entered into a plea agreement which provides that Rispo will plead guilty to Count One of the Indictment (the RICO conspiracy count) and testify on behalf of the government, in exchange for which the government will move to dismiss Count Two at the time of sentencing and will make no recommendation as to the appropriate sentence to be imposed; (7) in connection with the negotiation of the plea agreement, Cole, Kenneth Noto of the Justice Department and certain of the Department of Labor agents assigned to this case had conversations with Rispo; (8) Cole personally instructed Rispo during the course of these negotiations not to disclose any information which could in any way be considered defense tactics; (9) Rispo informed Cole that he did not have any such information in any event; and (10) to the extent that Rispo has provided information to the government concerning the subject matter of the indictment, it was information he acquired prior to the date the indictment was returned.

The government claims that this affidavit has obviated any need for the discovery and pretrial evidentiary hearing sought by the defendants. Moreover, even if the Court determines that an evidentiary hearing on the Rispo issue is in order, the government contends that such a hearing appropriately should be held after trial. By so doing, defendants will avoid the dilemma of being forced to disclose pretrial the exact contents of any communications with Rispo concerning defense strategy which had not heretofore been revealed to the government, and both the defendants and the Court could then assess Rispo's trial testimony for the purpose of determining whether in fact it contained any information acquired from the defendants or their attorneys subsequent to the indictment.

## A. Issues Presented

At the outset, the Court must address whether defendants have alleged sufficient

---

1. Robert Rispo's first court-appointed counsel was replaced at Rispo's request.

facts to justify the pretrial evidentiary hearing and discovery they seek. Defendants maintain that they have made a prima facie showing that their constitutional rights have been violated by the government and that a pretrial evidentiary hearing, preceded by wholesale discovery into matters concerning Rispo, is necessary to bring to light the facts underlying the constitutional issues in this case. The government, in turn, contends that defendants have not established a factual predicate for either the discovery or the pretrial evidentiary hearing sought.

■ In general, an evidentiary hearing need not be granted as a matter of course and must be held "only if the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved." *United States v. Carrion*, 463 F.2d 704, 706 (C.A.9, 1972). General and conclusory factual allegations which are based upon mere suspicion or conjecture, however, will not suffice to necessitate a hearing. *Cohen v. United States*, 378 F.2d 751, 760 (C.A.9), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967). Moreover, if facts urged in support of a hearing would not entitle the moving party to relief as a matter of law, no evidentiary hearing is required. *See United States v. Irwin*, 612 F.2d 1182 (C.A.9, 1980).

Although the issues framed by defendants' joint motion are not clearly defined, the Court can discern three separate areas of inquiry which defendants propose to explore through discovery and a pretrial evidentiary hearing. First, defendants seek to determine the nature and contents of Rispo's contacts with the government in the pre-indictment period from 1973 to July 14, 1980. Second, defendants seek to explore the circumstances giving rise to the indictment, including discovery directed to that portion of the presentation made by the government to the indicting grand jury concerning Rispo's criminal activities. Third, defendants seek further elaboration of Rispo's post-indictment activities and specifi-

cally allege in this regard that Rispo received information concerning defendants' trial strategy both directly, and indirectly through his first court-appointed counsel, from defendants and their attorneys. The Court concludes that on the present record only the third category is a proper subject of a pretrial evidentiary hearing.

■ In support of their request for discovery and a pretrial hearing relating to Rispo's pre-indictment activities, defendants allege only that "since at least 1977, many of the defendants have been marshalling their defense in the form of lawful resistance to grand jury subpoenas," and that "there are restrictions on the right of the Government to overtly and surely to covertly, intrude upon a putative defendant's efforts to prepare a defense during the investigatory stage." (D.I. 144 at 7). Defendants apparently are implying that Rispo, as an undisclosed government informant during this pre-indictment period, somehow interfered with defendants' efforts to respond to the grand jury subpoenas and thus infringed upon a protected interest of the defendants. However, defendants have failed to identify exactly what protected interest they possessed at that time. Clearly, defendants' Sixth Amendment rights could not possibly be implicated during the pre-indictment stage, since guarantees under that Amendment attach only "at or after the time that judicial proceedings have been initiated ... whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Brewer v. Williams*, 430 U.S. 387, 398, 97 S.Ct. 1232, 1239, 51 L.Ed.2d 424 (1977); *Kirby v. Illinois*, 406 U.S. 682, 688, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411 (1972); *Massiah v. United States*, 377 U.S. 201, 205, 84 S.Ct. 1199, 1202, 12 L.Ed.2d 246 (1964). Accordingly, any information disclosed to Rispo by any of the defendants or their attorneys prior to July 14, 1980, the date the indictment was returned, which was in turn given by Rispo to the government, would not compromise defendants' Sixth Amendment right to counsel, and discovery or a pretrial evidentiary hearing cal-

culated to reveal the substance of any such conversations would serve no useful purpose. Moreover, any of the defendants' attorney-client conversations which were disclosed to, or made in the presence of, Rispo during the pre-indictment period would lose their confidential character and would not be privileged from disclosure by the attorney-client privilege. *See Mead Data Central, Inc. v. U. S. Dept. of Air Force*, 566 F.2d 242, 253 (C.A.D.C.1977); *United States v. Gordon-Nikkar*, 518 F.2d 972, 974–75 (C.A.5, 1975). Accordingly, because defendants would not be entitled to relief as a matter of law for any disclosures made by Rispo to the government in this pre-indictment period concerning information obtained from the defendants, a pretrial evidentiary hearing and corresponding discovery pertaining to this time period would amount only to an impermissible means of discovering the government's case.[2]

Defendants' factual allegations in support of that part of their motion to ascertain the circumstances giving rise to the indictment, similarly are couched in vague, conclusory terms and are insufficiently particularized to warrant a pretrial evidentiary hearing or discovery. Defendants argue that they have made out a prima facie case that Rispo is in fact a "sham" defendant and further imply that the grand jury proceedings which gave rise to the indictment may be tainted, presumably because the grand jury indicted the defendants without knowledge of Rispo's status either as a sham defendant or as an informant. Thus, defendants claim, the grand jury "was in no position to make an independent determination of whether [Rispo's] deeds and declarations, attributable to his co-defendants on an enterprise-conspiracy basis, had actually been the deeds and declarations of the Government itself." (D.I. 144 at 6). Accordingly,

defendants contend that discovery and a pretrial evidentiary hearing directed to that portion of the presentation made by the government to the indicting grand jury concerning Rispo, and specifically including the evidentiary foundation for Racketeering Acts 54 through 62, which Rispo allegedly in part devised and executed, is essential.

An indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is sufficient to call for trial of the charge on the merits. *United States v. Costello*, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). In the absence of some demonstration of "particularized need" such as substantiated claims of improprieties, disclosure of materials concerning the grand jury may not be ordered. *See Douglas Oil Co. of Calif. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *United States v. Procter & Gamble*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Although defendants' argument presupposes that the culpable actions attributed to Rispo in the indictment were performed at the behest of the government and that Rispo is not a bona fide defendant, defendants have provided the Court with no specific factual allegations to support this insinuation beyond the simple fact that Rispo was an undisclosed government informant at the time he was indicted. In contrast, the government has affirmatively stated in its affidavit that Rispo is a bona fide defendant who will plead guilty to Count I of the indictment and has requested the Court to set a date for the acceptance of Rispo's plea.[3] Under these circumstances, the Court finds that the defendants have failed to allege sufficient facts demonstrating that Rispo is a sham defendant to pierce the veil of secrecy surrounding the grand jury proceedings in

---

2. Even if the Court were empowered to grant defendants some relief respecting this pre-indictment stage, defendants have otherwise failed to lay any factual predicate for granting either discovery or an evidentiary hearing relating to this time period. The Court is not obligated to accept suspicion or conjecture as a basis for granting an evidentiary hearing. *See Cohen v. United States, supra.*

3. The Court may accept this affirmation as true and is not obligated to give the defendants a pretrial evidentiary hearing or discovery to refute this claim in light of the fact that defendants have provided only insinuation and supposition to support their argument that Rispo is a sham defendant.

this case, and discovery and/or further inquiry into the presentation of the government's case to the grand jury on this ground will be denied.

 Moreover, the Court cannot conclude that the government was required to disclose to the grand jury that Rispo had served as a government informant. It is axiomatic that the prosecutor has considerable discretion in determining what evidence to present to the grand jury. *See United States v. Ciambrone*, 601 F.2d 616, 622 (C.A.2, 1979). An indictment cannot be challenged on the grounds that it was based entirely on hearsay evidence. *United States v. Costello*, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). Moreover, the prosecutor ordinarily is not obligated to present evidence which would negate culpability, which would bear on the credibility of witnesses, or which would otherwise be favorable to the accused. *See United States v. Lasky*, 600 F.2d 765, 768 (C.A.9), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979); *United States v. Brown*, 574 F.2d 1274, 1276 (C.A.5), *cert. denied*, 439 U.S. 1046, 99 S.Ct. 720, 58 L.Ed.2d 704 (1978); *United States v. Y. Hata & Co., Ltd.*, 535 F.2d 508, 512 (C.A.9), *cert. denied*, 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed.2d 92 (1976); *United States v. Ruyle*, 524 F.2d 1133, 1136 (C.A.6, 1975), *cert. denied*, 425 U.S. 934, 96 S.Ct. 1664, 48 L.Ed.2d 175 (1976); *United States v. Mandel*, 415 F.Supp. 1033, 1040 (D.Md.1976). In short, the constraints on the prosecutor's ability to present evidence to the grand jury are few. Where a prosecutor is aware of any substantial evidence negating guilt which might reasonably be expected to lead the jury *not to indict*, in the interest of justice, he may be compelled to make this evidence known to the grand jury. *See United States v. Ciambrone, supra*, 601 F.2d at 623. Similarly, where an indictment is obtained solely on the basis of evidence known to the prosecutor to be perjurious, a claim of governmental abuse may be valid. *See United States v. Basurto*, 497 F.2d 781, 785–86 (C.A.9, 1974). None of these limited exceptions, however, fit the facts of this case. The Court cannot discern how disclosure of

Rispo's informant status to the grand jury would have exculpated his co-defendants, much less how this fact would have persuaded the grand jury not to indict. Accordingly, disclosure of the grand jury materials cannot be justified merely on the ground that the government may not have disclosed to the grand jury that Rispo was a government informant at the time he committed the culpable deeds contained in the indictment.

 The Court finds that the third area of inquiry raised by defendants' motion, viz., that the government intruded into the defendants' attorney-client relationships *after* the indictment was returned, raises valid questions under the Sixth Amendment and contains sufficient facts in support thereof to justify a pretrial evidentiary hearing. Although the right to counsel may be implicated in this case, however, the character and scope of the issues herein presented and the applicable remedies available are not as broad as defendants contend, and the hearing will be appropriately focused in order to flesh out the narrow areas of inquiry without allowing the defendants an unwarranted preview of the government's case.

Once formal charges have been filed, the use of government informants to secure information from a defendant is sharply curtailed in at least two respects. First, the Supreme Court has held that the Sixth Amendment is violated whenever an undisclosed government agent "deliberately elicits" incriminating statements from a defendant in the absence of counsel, after the defendant has been indicted, if those statements are later introduced into evidence at trial. *See Massiah v. United States*, 377 U.S. 201, 206, 84 S.Ct. 1199, 1203, 12 L.Ed.2d 246 (1964). Second, in a line of cases exemplified by *United States v. Rispo*, 460 F.2d 965 (C.A.3, 1972), the courts have held that the presence of informants in the defense camp during attorney-client conferences, after the defendant has been indicted, similarly violates the Sixth Amendment where the trial strategy gleaned from these meet-

ings is disclosed by the informant to the government and some prejudice thereby accrues to the defendant. *See United States v. Morrison,* —— U.S. ——, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981); *Weatherford v. Bursey,* 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); *United States v. Rispo, supra; United States v. Natale,* 494 F.Supp. 1114 (E.D. Pa.1979).

Defendants have not directly requested the Court to order an inquiry designed to uncover *Massiah*-type violations. Nevertheless, the Court will *sua sponte* include this issue in a pretrial evidentiary hearing to insure that the conduct condemned in *Massiah* will not become a factor during the trial of this case. In *Massiah,* the defendant was indicted for violating the federal narcotics laws, retained a lawyer, pleaded not guilty and was released on bail. 377 U.S. at 201, 84 S.Ct. at 1199. Shortly after Massiah's release on bail, a co-defendant decided to cooperate with the government in its continuing investigation of Massiah's drug activities, and permitted government agents to install a radio transmitter in his automobile. Subsequently, the co-defendant held a lengthy conversation with Massiah which was transmitted to, and recorded by, an FBI agent positioned nearby. At trial, the tape of the discussion, which contained incriminating statements, was admitted over the objection of the defendant. *Id.* at 202–203, 84 S.Ct. at 1200–1201. The Supreme Court held that by "deliberately eliciting" the incriminating statements from the defendant, and thereafter using these statements at trial, the government had denied Massiah the basic protections of the Sixth Amendment and those statements could not constitutionally be used against him at his new trial. *Id.* at 206–207, 84 S.Ct. at 1203–1204. In so holding, the Court noted that the government's conduct amounted to nothing more than surreptitious post-indictment "interrogation" which like coercive interrogation in the stationhouse equally contravenes the Constitution. *Id.* at 206, 84 S.Ct. at 1203.

The operative factor in the *Massiah* case was that the government had deceitfully "interrogated" the defendant after indict-ment. *See United States v. Osser,* 483 F.2d 727, 731 (C.A.3), *cert. denied,* 414 U.S. 1028, 94 S.Ct. 457, 38 L.Ed.2d 221 (1973). In *United States v. Henry,* 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980), the Supreme Court further elaborated upon the scope of "interrogation" in the context of Sixth Amendment review by holding that incriminating statements made by a defendant to an undisclosed, paid government informant posing as a cell inmate, while the defendant was in custody and under indictment, were the product of improper, surreptitious interrogation and should be suppressed. Despite the fact that the agent had been admonished by the government not to question the defendant about his criminal activities, the Court found that the government had intentionally created a situation likely to induce the defendant to make incriminating statements without the presence of counsel, and that by deliberately using his position to secure incriminating information from the defendant, the informant had violated the defendant's Sixth Amendment right to counsel. *Id.* at 273, 100 S.Ct. at 2188.

▮ Under the principles enunciated in *Massiah* and *Henry,* any incriminating statements made by the defendants after July 14, 1980, which were indirectly or surreptitiously elicited by Rispo and then disclosed to the government, could not permissibly be introduced at the upcoming trial of the defendants and any such statements will be suppressed by the Court. However, the government was not precluded from utilizing Rispo or other confidential informants to obtain information from the defendants about their post-indictment activities as to matters unrelated to the present indictment and such elicited information would not present grounds for any relief in this Court. *See United States v. Natale,* 494 F.Supp. 1114, 1125 (E.D.Pa.1979).

The pretrial evidentiary hearing will also focus on defendants' claim that Rispo was the recipient of information concerning defendants' trial strategy which was then transmitted by him to the government.

Defendants argue that under prevailing case law in this circuit, once they have demonstrated that Rispo received information from defendants or their attorneys, bearing on defendants' trial strategy, they will be entitled to the following redress from this Court: (1) if no actual disclosure of defense information was made by Rispo to the government, the indictment need not be dismissed unless some prejudice accrued to the defendants by virtue of Rispo's conduct. If such prejudice is demonstrated, the government must negate this prejudice beyond a reasonable doubt or the indictment must be dismissed; and (2) if actual disclosure of defense strategy was made to the government by Rispo, the indictment must be dismissed as a matter of course.

The Court has grave doubts that these proposed remedies in their entirety accurately reflect the existing state of Third Circuit authority on this subject. Nevertheless, the Court need not proceed to analyze the conceptual underpinnings for defendants' position because the precedent provided by the Third Circuit upon which defendants rely was recently overruled by the Supreme Court.

In *United States v. Morrison*, —— U.S. ——, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981), agents of the Drug Enforcement Agency, who were aware that the defendant had been indicted on drug charges and had retained counsel, met with her without the consent or knowledge of her attorney to obtain her cooperation in a related investigation. During the course of this conversation, the agents disparaged defendant's counsel and indicated that she would gain various benefits if she cooperated with the government. Defendant declined to cooperate and immediately notified her attorney about the discussion. The agents visited the defendant a second time, but on neither occasion did the defendant agree to cooperate with them, incriminate herself, or otherwise supply any information pertinent to her case. Thereafter the defendant moved to dismiss the indictment on the ground that the agents' conduct violated her Sixth Amendment right to counsel. The district court denied the motion, but the Court of Appeals reversed, holding in accordance with prior rulings in the Circuit, that the defendant's Sixth Amendment right to counsel had been violated and that the appropriate remedy was dismissal of the indictment with prejudice, whether or not any tangible effect upon the defendant's representation had been either demonstrated or alleged. —— U.S. at ——, 101 S.Ct. at 666–68.

In reversing the decision of the Third Circuit, the Supreme Court held that even assuming that the Sixth Amendment had in fact been violated under the circumstances, the dismissal of the indictment was not appropriate absent a showing of some adverse consequence to the representation defendant received or to the fairness of the proceedings leading to her conviction. *Id.* at ——, 101 S.Ct. at 668. The Court observed:

Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.

\* \* \* \* \* \*

Our approach has thus been to identify and then neutralize the taint generated by Sixth Amendment violations by tailoring suitable relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial. The premise of our prior cases is that the constitutional infringement identified has had or threatens some adverse effect upon the effectiveness of counsel's representation or has produced some other prejudice to the defense. Absent such impact on the criminal proceeding, however, there is no basis for imposing a remedy in that proceeding, which can go forward with full recognition of the defendant's right to counsel and to a fair trial.

*Id.* at ——, 101 S.Ct. at 688. Thus the Court concluded that while it could not condone the egregious behavior of the government agents, it could not subscribe

to the dismissal of the indictment as ordered by the Court of Appeals. Because the defendant had not demonstrated any prejudice, either transitory or permanent, to the ability of her counsel to provide adequate representation in the criminal proceedings, the Supreme Court found that there was no damage of a constitutional dimension which called for a judicial cure. *Id.* at ——, 101 S.Ct. at 669.

■ The *Morrison* case effectively repudiated a line of cases in the Third Circuit, originating with *United States v. Rispo, supra,* which had established a *per se* rule of prejudice respecting the disclosure of trial strategy information by an informant to the government. Under this rule, whenever confidential defense strategy of an indicted defendant was obtained by an undisclosed informant and subsequently revealed to the government, the defendant would be entitled to dismissal of the indictment without further inquiry into the extent to which the defendant was actually or potentially prejudiced by the disclosure. *See United States v. Morrison,* 602 F.2d 529 (C.A.3, 1979), *rev'd,* —— U.S. ——, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981); *United States v. Levy,* 577 F.2d 200 (C.A.3, 1978). Under the Supreme Court formulation in *Morrison,* a defendant claiming a governmental intrusion into his attorney-client relationship now must demonstrate that he was or will be prejudiced in some substantial way by the intrusion, irrespective of whether the government deliberately sought to violate his Sixth Amendment rights. *See Morrison, supra,* —— U.S. at ——, 101 S.Ct. at 688.

■ In accordance with the guidelines laid down in *Morrison,* defendants in the case at hand have the burden of proving: (1) that Rispo in fact obtained information concerning trial strategy from the defendants or their attorneys, either directly or indirectly through his first court-appointed counsel, subsequent to the indictment; (2) that Rispo further disclosed that informa-

tion to the government, and (3) that this conduct either resulted in, or presents a substantial threat of, actual prejudice to the ability of defendants' counsel to provide adequate representation at the trial of this case or to defendants' ability to receive a fair trial. Once this showing is made, the Court will determine what relief, if any, is appropriate.[4] It is clear, however, that if, as the government maintains, the individuals charged with prosecuting this case were successfully quarantined from the details of any of the defendants' trial strategy, it would be virtually impossible for the defendants to demonstrate prejudice. *See Weatherford v. Bursey,* 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); *United States v. O'Neill,* 484 F.Supp. 799 (E.D.Pa. 1980).

### B. Mechanics of the Pretrial Evidentiary Hearing

The government contends that the Court in its discretion should postpone the evidentiary hearing until after the trial is completed. In support of this argument, the government avers that a post-trial hearing would be more expeditious and would eliminate the possibility that defense strategy, not heretofore revealed to the government, will be disclosed during the course of the hearing. Defendants oppose this suggestion.

■ Generally, a pretrial motion should be decided before trial unless the Court "for good cause" determines that it should be deferred for later disposition. Rule 12(b), F.R.Cr.P. Although the decision to postpone a hearing on a pretrial motion is within the discretion of the court, *see United States v. Thompson,* 558 F.2d 522, 525 (C.A.9, 1977), *cert. denied sub nom. Reeve v. United States,* 435 U.S. 914, 98 S.Ct. 1466, 55 L.Ed.2d 504 (1978), post-trial hearings ordinarily are not favored. *United States v. Fay,* 553 F.2d 1247, 1248 (C.A.10, 1977); *United States v. Tortorello,* 480 F.2d 764, 785 n. 18 (C.A.2), *cert. denied,* 414 U.S. 866,

---

4. Consistent with the opinion in *Morrison,* any remedy afforded must be narrowly tailored to redress the injury suffered from the constitu-

tional deprivation in order to assure the defendant the effective assistance of counsel and a fair trial.

94 S.Ct. 63, 38 L.Ed.2d 86 (1973). If the hearing is such that the government's evidence will be prematurely exposed in order to resolve the issues raised by the pretrial motion, however, a post-trial hearing *may* be in order.

■ The hearing which will be held on the Sixth Amendment issues raises the specter that defendants' trial strategy may be revealed for the first time to the government in order to establish what information Rispo obtained from the defendants or their attorneys, *see United States v. Levy, supra,* 577 F.2d at 203, and the danger exists that the government may be prodded to preview its detailed trial evidence for the defendants. Nevertheless, the Court believes that such hazards persist in any pretrial hearing of this nature which involves purportedly privileged defense material, and since defendants have pressed for a pretrial hearing, it will be allowed to go forward. If in fact defendants elicit any information from Rispo at the pretrial hearing concerning defendants' trial strategy which Rispo has not disclosed previously to the government, defendants may not later complain of this disclosure. Furthermore, the Court expects that counsel for the defendants and the government will conscientiously concentrate their efforts at this hearing on the narrow issues outlined by the Court in this memorandum opinion.

In order to facilitate the progress of this pretrial hearing, the first testimony received will be from Robert Rispo who will be called as a court witness. Questioning will be restricted to ascertaining answers from Rispo to the following questions:

## I. Incriminating Statements

(1) Did Rispo, as an undisclosed government informant "deliberately elicit" any incriminating statements from any of his co-defendants after the indictment was returned on July 14, 1980 to the present concerning matters which are the subject of the indictment?

(2) Did Rispo, as an undisclosed government informant "otherwise obtain" any incriminating statements from any of his co-defendants after the indictment was returned on July 14, 1980 to the present concerning matters which are the subject of the indictment?

(3) If Rispo's answers to the questions asked in order to elicit the information sought by (1) or (2) indicate that any of the defendants made incriminating statements to Rispo during the time period July 14, 1980 to date, concerning matters which are the subject of the indictment, further questions may be asked: (a) to determine the nature of the incriminating statements; (b) to learn under what circumstances and when such statements were made to Rispo; (c) to ascertain whether Rispo disclosed such statements to any government attorney or agent and if so, the name or names of such government personnel, and under what circumstances and where such disclosures were made; and (d) finally to determine whether any defendant had previously made the same incriminating statement to Rispo at any time prior to the return of the indictment, and if so, when and under what circumstances the prior and same information was learned by Rispo.

If the answers to questions 1 through 3 above reveal that Rispo obtained incriminating statements from his co-defendants after July 14, 1980 concerning the subject matter of the indictment, the Court could rule *in limine* to suppress such statements and Rispo would not be permitted to testify to such statements at the upcoming trial. Of course, if any of the defendants made incriminating statements concerning the subject matter of the instant indictment to Rispo after the indictment was returned, the substance of which Rispo already knew, the post-indictment statement itself would be suppressed, but Rispo could nevertheless testify as to the contents of the statement on the basis of his previously acquired knowledge.

## II. Trial Strategy

(1) Did Rispo, as an undisclosed government informant receive any information between July 14, 1980 and the present from

his co-defendants or their attorneys, directly or indirectly through Rispo's first attorney, Mr. James Kipp, relating to his co-defendants' trial strategy, viz., information concerning the defendants' defense plans, witnesses to be called by them, or their attorneys' efforts to prepare for trial?

(2) If Rispo's answers to questions asked in order to elicit the information sought by (1) above indicate that Rispo learned of any of his co-defendants' trial strategy between July 14, 1980 to the present, then further questions may be asked: (a) to determine the nature of the trial strategy learned; (b) to determine under what circumstances and when such information was learned; (c) to ascertain whether Rispo disclosed such information to any government attorney or agent, and if so, the name or names of such government personnel, and under what circumstances and when such disclosures were made; and (d) finally to determine whether Rispo had learned the same information prior to the return of the indictment, and if so, when and under what circumstances the prior and same information was learned.

If the answers to questions (1) and (2) above reveal that Rispo obtained any information relating to his co-defendants' trial strategy after July 14, 1980, which had not also been learned by him before that date, and this information was disclosed to government agents, then the defendants must demonstrate that this disclosure to government personnel has resulted in, or will present a substantial threat of, actual prejudice to the ability of defendants' counsel to provide adequate representation at trial or to defendants' ability to receive a fair trial.

### C. Discovery

As discussed previously, defendants have moved for comprehensive discovery of information concerning Rispo in advance of the pretrial evidentiary hearing. In support of this motion, defendants assert: (1) that they have alleged sufficient factual allegations of governmental misconduct to justify the requested discovery; and (2) as an independent basis, discovery is mandated under Rule 16, F.R.Cr.P., which allows disclosure of documents "material" to the defense, the *Brady* doctrine, and to a limited extent the representation of the government that it would accelerate the delivery of Jencks Act materials in this case.[5]

■ The parameters of Rule 16(a)(1)(C), upon which defendants apparently rely, was discussed at length by this Court in its December 12, 1980 opinion. In sum, that rule provides in pertinent part that the government shall permit the defendant to inspect and copy books, papers, tangible objects, and documents which are within the possession, custody or control of the government and which are material to the preparation of his defense. Before discovery can be allowed under this rule, it is incumbent upon the defendant to make a prima facie showing of materiality, viz., "there must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *United States v. Buckley*, 586 F.2d 498, 506 (C.A.5, 1978), *cert. denied*, 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979). The *Brady* rule similarly requires the production of only that evidence within the government's possession which is material, but contains the added feature that the evidence must be favorable to the accused on the issue of guilt or punishment. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963).

■ Against this capsulized version of general principles, the Court will address in turn defendants' specific discovery requests.

---

5. The Jencks Act, 18 U.S.C. § 3500, provides only that statements made by government witnesses are not subject to discovery until the witness has testified on direct examination in the trial of the case. *See United States v. Bremer*, 482 F.Supp. 821, 824 (W.D.Okl.1979).

The Court has encouraged the government to supply the defendants with Jencks Act materials prior to the final pretrial conference. That material need not be supplied at this time, however, in connection with these pretrial proceedings.

*Defendants' Request 1 (D.I. 137, ¶ 12):*

Disclosure of the identities and business addresses of all Government employees, including FBI agents, federal prosecutors, and agents of other law enforcement agencies of the federal Government who have received disclosures from Rispo, directly or indirectly, since 1973 which relate to any of the movants herein, their attorneys, any previous attorneys of movants, and any of the events which are the subject matter of this indictment or about which evidence will be presented at trial.

Defendants have failed to identify on what theory this information would be discoverable under either Rule 16 or the *Brady* doctrine. The Court cannot discern how disclosure of this information would prove exculpatory under *Brady.* Nor have defendants made the requisite showing of materiality required by both *Brady* and Rule 16(a)(1)(C).[6] Moreover, as established earlier in this opinion, this request goes considerably beyond the narrow issues presented by defendants' joint motion, and accordingly, discovery would not be justified as a necessary adjunct to the pretrial evidentiary hearing. Rispo's pre-indictment disclosures to the government are of no consequence to defendants' constitutional claims and are inappropriate targets for discovery. In order to expedite the limited hearing granted on defendants' motion, however, the Court will order the government to identify the names and business addresses of all government employees, including FBI agents, federal prosecutors and agents of other law enforcement agencies of the federal government, who have received information from Rispo since July 14, 1980, the date the indictment in this case was returned, which information: (1) Rispo received directly, or indirectly through his first court-appointed attorney Mr. Kipp, from any of the defendants or their attorneys during the time period from July 14, 1980 to the present and not from any other source; *and* (2) which concerns defendants' trial strategy *or* any of the events which are the subject matter of the indictment.

*Defendants' Request 2 (D.I. 137, ¶ 13):*

Disclosure and copies of all memoranda, reports and papers in the possession, control or custody of the Government reflecting disclosures and other information furnished by Rispo since 1973 related to movants, their attorneys, previous attorneys, and the events described above.

The Court finds this request objectionable for the same reasons stated above. No facts have been offered, nor has any inference been created, which would lead the Court to conclude that exculpatory information may be contained within these requested materials. In addition, defendants cannot avail themselves of Rule 16 to support this discovery request because that Rule expressly exempts from its reach the inspection of "reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case." Rule 16(a)(2), F.R.Cr.P. Statements made by government witnesses or prospective government witnesses such as Rispo also cannot be discovered under Rule 16 except as provided in the Jencks Act. *Id.* In order to lessen the prospect of a protracted evidentiary hearing, the Court will order the government to produce for *in camera* inspection copies of all memoranda, reports and papers in the possession, control or custody of the government, including FBI reports, which contain information respecting disclosures made by, or discussions with, Robert Rispo which have occurred since July 14, 1980 and relate to the defendants, or their attorneys, *and* the events which are the subject matter of the indictment.

*Defendants' Request 3 (D.I. 137, ¶ 14):*

Disclosure and copy of that portion of the presentation made by the Government to the indicting grand jury in this action dealing with the deeds and decla-

---

**6.** The government, of course, is under a continuing duty to supplement the *Brady* and Rule 16(a)(1)(C) material which was ordered by the Court to be produced to the defendants in its December 12, 1980 opinion and order.

rations of Rispo, and the presentation made to the indicting grand jury of the evidentiary foundation for Racketeering Acts 54 through 62, which is alleged that Rispo, in part, devised and executed the mail fraud scheme there charged.

This information clearly exceeds the scope of Rule 16 and the *Brady* doctrine, and for the reasons previously explained in this opinion will be denied.

*Defendants' Request 4 (D.I. 137, ¶ 16)*:

Disclosure of whether any of the following persons, and classes of persons, are now Government informants or have been Government informants at a prior time:

(a) Any named defendant, other than Rispo.

(b) Any named unindicted co-conspirator or person whom the Government will contend at trial was a co-conspirator.

(c) Any attorney for any of the named defendants.

(d) Any person known to the Government to have been engaged as a defense investigator since the return of this indictment.

(e) Any person now employed by the movants.

(f) Any person now employed by any of the attorneys for the movants.

This request also is not justified by either Rule 16 or *Brady*. Moreover, the government is entitled to withhold from disclosure the identity of persons who furnish information regarding violations of the law to enforcement officials and can be compelled to reveal the identity of an informant only if fundamental fairness to the accused so requires. *See Rovario v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). Defendants have alleged no facts to support their discovery request and, thus, have failed to overcome this privilege. Accordingly, request 4 will be denied.