The UNITED STATES, Plaintiff,

v.

S. David LITMAN and Irving Portnoy, Defendants.

Crim. No. 81–16.

United States District Court,
W. D. Pennsylvania.

Sept. 17, 1982.

David M. Curry, Asst. U. S. Atty., Pittsburgh, Pa., for United States.

Harold Gondelman, Gondelman, Baxter, Mansmann & McVerry, David J. Armstrong, Dickie, McCamey & Chilcote, Daniel H. Shapira, Titus, Marcus & Shapira, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

COHILL, District Judge.

The defendants, S. David Litman and Irving M. Portnoy, were indicted by a federal grand jury in a 19 count indictment. They were charged with mail fraud in violation of 18 U.S.C. § 1341 and with conspiracy in violation of 18 U.S.C. § 371. Presently before the court are the following pretrial motions filed by one or both defendants: 1) a joint motion to dismiss the indictment for a variety of allegations of prosecutorial misconduct; 2) Mr. Litman's motion for severance, pursuant to Fed.R.Crim.P. 14; 3) a joint motion to compel discovery, pursuant to Fed.R.Crim.P. 16(a)(1)(A), 16(a)(1)(C), 26.2, the Jencks Act, Local Rule 24 and the Brady rule; 4) Mr. Litman's motion for a bill of particulars, pursuant to Fed.R.Crim.P. 7(f); and 5) Mr. Litman's motion to reconsider Judge Weber's decision denying dismissal of the indictment.

Our ruling on the joint motion for additional preemptory challenges and Mr. Litman's motion for individual *in camera* voir dire of prospective jurors will be deferred until time of trial.

## I.

*Motion to Dismiss the Indictment Based on Allegations of Prosecutorial Misconduct*

The defendants have moved to dismiss the indictment against them, alleging a variety of instances of prosecutorial misconduct as grounds for dismissal. Generally, the defendants allege that the Assistant United States Attorney David M. Curry and others, both officially and unofficially associated with the grand jury investigation of the defendants, were personally biased against the defendants. The defendants argue that Mr. Curry maliciously pursued the indictment of Mr. Litman after the then United States Attorney Robert Cindrich had determined that there was not sufficient evidence to indict. The defendants also allege that Mr. Curry deliberately failed to present exculpatory evidence to the investigating grand jury. In addition, they assert that he failed to inform the grand jury of alleged discrepancies between grand jury testimony given by certain key witnesses and earlier statements which had

been made by these witnesses. The defendants also argue that Mr. Curry purposely brought irrelevant, inflammatory and misleading evidence before the grand jury so as to prevent an impartial grand jury from reaching an honest decision. The Government has responded, stating that, even if the defendants' various allegations were supported by a factual foundation, there would not have been sufficient misconduct to warrant a dismissal of the indictment. We must agree with the Government. We can find no support for any of the prosecutorial misconduct allegations. In fact, most of these allegations can be summarily dismissed.

■ After conducting five days of hearings with testimony of eleven witnesses and reviewing the transcripts of those hearings and exhibits, we find that there has been no evidence which supports the argument that the Government presented misleading and/or inflammatory evidence to the grand jury. Nor, have the defendants convinced this court that the Government, more specifically Mr. Curry, maliciously pursued the indictment of Mr. Litman. The mere fact that United States Attorney Cindrich had not made a final decision as to whether an indictment should or should not be sought is not dispositive of whether or not finally seeking the indictment was justified.

■ The allegations that the Government failed to present exculpatory evidence to the grand jury and failed to point out discrepancies in its case must be considered in greater detail. As a general proposition, the prosecution is not obligated to search for and present exculpatory evidence to a grand jury. *United States v. Hata & Co., Ltd.,* 535 F.2d 508, 512 (9th Cir. 1976), *cert. denied,* 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed.2d 92 (1976); *United States v. Deerfield Specialty Papers, Inc.,* 501 F.Supp. 796, 804 (E.D.Pa.1980); *United States v. Addonizio,* 313 F.Supp. 486 (D.N.J.1970). Nor is the prosecution obligated to present evidence to the grand jury which would negate culpability, which would bear on the credibility of the witnesses, or which would otherwise be favorable to the accused. *United States*

*v. Lasky,* 600 F.2d 765, 768 (9th Cir. 1979), *cert. denied,* 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979); *United States v. Boffa,* 89 F.R.D. 523, 530 (D.Del.1981). If such evidence were obligatory, the grand jury proceeding would become a "minitrial" on the merits. Such a proceeding would be unnecessarily burdensome and wasteful. Even if an indictment should be filed, the defendants could only be found guilty after a guilty plea is accepted or after the completion of a criminal trial in which guilt was established beyond a reasonable doubt. *United States v. Ciambrone,* 601 F.2d 616, 622 (2d Cir. 1979); *United States v. Deerfield Specialty Paper, Inc.,* 501 F.Supp. at 864.

■ The prosecutor has considerable discretion in determining what evidence to present to the grand jury. *United States v. Ciambrone,* 601 F.2d at 623; *United States v. Boffa,* 89 F.R.D. at 530. Thus, the prosecution has no obligation to call to the attention of the grand jury every conceivable discrepancy in its case, especially where the prosecutor believes in good faith that the inconsistency is not material. *United States v. Kennedy,* 564 F.2d 1329, 1338 (9th Cir. 1977), *cert. denied,* 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978); *United States v. Shober,* 489 F.Supp. 393, 407 (E.D. Pa.1979).

■ Despite the wide ranging discretion given to the prosecutor, where a prosecutor is aware of any substantial evidence negating guilt, he should, in the interest of justice, make this evidence known to the grand jury, at least where the evidence might reasonably be expected to lead a grand jury not to indict. *United States v. Ciambrone,* 601 F.2d at 623; *United States v. Boffa,* 89 F.R.D. at 530. The prosecutor's right to exercise some discretion in the presentation of evidence to a grand jury does not entitle him to deliberately mislead the grand jury or to engage in fundamentally unfair tactics. *United States v. Ciambrone,* 601 F.2d at 623. Several courts have suggested that "in a flagrant case of misconduct, and perhaps only where knowing perjury, relating to a material matter, has

been presented to a grand jury ...." may a court dismiss an indictment. *United States v. Lasky,* 600 F.2d 765, 768 (9th Cir. 1979), *citing Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

■ The defendants must prove that, at the time the Government presented its case to the grand jury, the prosecutor was aware of the existence of exculpatory evidence which could reasonably lead the grand jury not to indict and that he deliberately failed to include it or, at a minimum, to notify the grand jury of its existence. In the case *sub judice* the defendants have failed to meet this burden.

■ At the defendants' request, we have reviewed most of the grand jury transcripts involved with defendants' indictment, and, as stated, have conducted extensive pretrial hearings on the merits of the defendants' allegations. We can find no support for the defendants' allegations of prosecutorial misconduct. Indeed, Mr. Curry appears to have been scrupulously fair and unbiased in his presentation to the grand jury. The defendants have failed to establish that the prosecutor was aware of any exculpatory evidence or discrepancy that would have reasonably led the grand jury not to have indicted the defendants or that he deliberately failed to present such evidence to the grand jury. We, therefore, deny the defendants' motion to dismiss the indictment.

## II.

### *Motion to Sever*

Mr. Litman has moved for severance from his codefendant Mr. Portnoy pursuant to Rule 14 of the Federal Rules of Criminal Procedure. Mr. Litman argues that severance should be granted because, first, the conspiracy charged in count 1 of the indictment has not been asserted in good faith and secondly, a joint trial of the defendants would be highly prejudicial to him, as it would deprive him of the allegedly exculpatory testimony of his codefendant, Mr. Portnoy. The Government has responded, denying the bad faith allegation surrounding the conspiracy charged in count 1 and empha-

sizing the nature of the crime of conspiracy, thereby attacking the value of Mr. Portnoy's testimony if it were available via severance.

■ We deny the defendant's motion for severance based upon his allegations of bad faith. Just as the defendants failed to establish bad faith with respect to their motion to dismiss, Mr. Litman has also failed to establish a factual foundation for his bad faith allegation in support of this motion.

■ As for whether or not severance should be granted based upon the possibility of prejudice if Mr. Portnoy cannot testify for Mr. Litman, we note at the onset that any disposition of a severance motion, pursuant to Fed.R.Crim.P. 14, is committed to the sound discretion of the trial court. *United States v. Somers,* 496 F.2d 723 (3d Cir. 1974), *cert. denied,* 419 U.S. 832, 95 S.Ct. 56, 42 L.Ed.2d 58 (1974); *United States v. Boffa,* 513 F.Supp. 444, 487 (D.Del. 1980). Rule 14 of the Federal Rules of Criminal Procedure provides, in pertinent part, that if the trial court judge concludes that either a defendant or the Government is prejudiced by a joinder of defendants in one indictment, the court may grant a severance.

In *United States v. Boscia,* 573 F.2d 827 (3d Cir. 1978), the Third Circuit articulated certain factors which a trial court must weigh when ruling on a motion to sever based upon the movant's desire to call a codefendant as a defense witness:

> In determining the necessity of severance under these circumstances, courts have placed emphasis on the following four factors: (1) the likelihood of the co-defendant's testifying; (2) the degree to which such testimony would be exculpatory; (3) the degree to which the testifying co-defendants could be impeached; (4) judicial economy.

*Id.* at 832. *See also United States v. Rosa,* 560 F.2d 149, 155 (3d Cir. 1977) (en banc).

■ In considering the first factor, we find that although Mr. Portnoy has submitted an affidavit in which he has indi-

cated that he would be willing to testify if called by Mr. Litman were a severance to be granted, other considerations outweigh the significance of his affidavit.[1] As for the next two factors, the exculpatory significance of Mr. Portnoy's testimony is difficult to gauge despite Mr. Portnoy's identification of several specific points to which he would testify. It is just as difficult to predict the degree to which Mr. Portnoy would be impeached if he were to testify on behalf of Mr. Litman.

In this case, consideration of the fourth factor, judicial economy, must be given the greatest amount of attention, and after so doing, we find that it weighs · heavily against severance. In a very recent decision, *United States v. Provenzano*, 688 F.2d 194 (3d Cir. 1982), the Third Circuit held that the judicial economy factor must be emphasized in conspiracy cases since it is "preferable to have all the parties tried together so that the full extent of the conspiracy may be developed." *Id.* at 199. In addition, if the court concludes that there is a reasonable degree of assurance that the defendant will receive a fair trial, judicial economy becomes a very relevant factor. *United States v. Boscia*, 573 F.2d at 833. It is not the goal of the judicial process to decide cases as quickly and inexpensively as possible without regard to justice; rather, the goal of the judicial process is to ensure that the defendant will be given a fair trial. We believe that Mr. Litman will receive a fair trial even if he is joined with Mr. Portnoy. Both defendants have able counsel. Furthermore, this is not a case in which contradictory defenses seem likely to emerge. We doubt that the defendants will "point the finger" at each other during trial. The defense is much more likely to hinge on questions of knowledge and intent rather than objective facts. We think that Mr. Litman will be able to defend himself ably in a joint trial with Mr. Portnoy, and we therefore deny the defendant's severance motion.

## III.

### *Motion to Compel Discovery*

The defendants filed a joint motion to compel discovery. Some materials are requested solely by Mr. Litman, while others are jointly requested.

### a) *Oral Statement of Mr. Litman*

Pursuant to Rule 16(a)(1)(A), Mr. Litman has moved to compel the Government to release all notes or memoranda in its possession which reflect either the substance of his oral statements or his oral statements verbatim. Prior to his indictment, Mr. Litman made these statements at a meeting which he requested with the Chief of the Fraud Section in the Criminal Division of the United States Department of Justice, Washington, D. C. In addition to the defendant and the Chief of the Fraud Section, Assistant United States Attorney David Curry and the defendant's counsel were present at the meeting. The Government has refused to provide the defendant with any notes or memoranda on the ground that such material constitutes a work product and is not subject to discovery.

 We believe that the purpose of the meeting was not investigative; rather, the meeting was held at Mr. Litman's request to enable him to present information to the Government to aid it in its prosecutorial decision. Materials such as these clearly fall under the work product exemption rule to discovery. *See United States v. Nobles*, 422 U.S. 225, 236–39, 95 S.Ct. 2160, 2169–2170, 45 L.Ed.2d 141 (1975); *Goldberg v. United States*, 425 U.S. 94, 98–106, 96 S.Ct. 1338, 1342–1346, 47 L.Ed.2d 603 (1975). Hence, we deny defendant's motion in this regard. We are confident that the defendant will suffer no prejudice from this denial because his counsel was present throughout the meeting.

---

**1.** We do not doubt that an affidavit is the best vehicle for resolving *Boscia's* first factor; however, it must be remembered that satisfaction of one factor does not compel the court to grant severance.

b) *Jencks Material*

The defendants have requested that the Government provide them before their trial with copies of all the witnesses' and the potential witnesses' statements which are in its possession and all grand jury transcripts relating to their indictment. The defendants concede that these materials are properly left to production at trial under the timetable established by the Jencks Act, 18 U.S.C. § 3500 (1976). However, they argue that if they are not permitted access to this material until after direct examination of a witness, the expected length and complexity of the trial will be aggravated since lengthy recesses will be necessary for them to utilize the material in preparation for cross-examination of the witness. The defendants have also argued that the Jencks Act has been, in effect, repealed by Rule 26.2 of the Federal Rules of Criminal Procedure. The Government has stated that it will provide the defendants with the Jencks materials well before the deadline established by the Jencks Act.

■ Although we share the defendants' concern over the interruptions and delays that may occur, we are confident that we do not have the authority to order the pretrial production of Jencks materials and hopeful that the Government will give the defendants' counsel as much "lead time" as possible. The Jencks Act unequivocally states that statements or reports of Government witnesses are not subject to discovery or inspection until after the witness has testified on direct examination. 18 U.S.C. 3500(a). *See also United States v. Frumento,* 405 F.Supp. 23, 33 (E.D.Pa.1975).

■ The defendants argue that Rule 26.2 altered the delivery schedule of the Jencks Act. This assertion is clearly erroneous. Rule 26.2 states:

*After* a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney for the government or the defendant and his attorney, as the case may be, to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified.

(Emphasis added).

■ Not only does the statute itself differ from the defendants' contention, but we have found no authority in this Circuit to support their argument. Furthermore, it is a canon of statutory construction that repeals by implication are disfavored. When there is no absolute repugnancy between statutory provisions, they are to co-exist in the absence of a clearly expressed Congressional intention to the contrary. *Regional Rail Reorganization Act Cases* (and cases cited therein), 419 U.S. 102, 133–34, 95 S.Ct. 335, 353–354, 42 L.Ed.2d 320 (1974). For these reasons, we deny the defendants' request for the pretrial production of Jencks Act and Rule 26.2 materials.

c) *Rule 16(a)(1)(C) Motion*

■ The defendants have moved, pursuant to Rule 16(a)(1)(C), for the production of certain materials. The Government has complied with the defendants' request. The defendants now request that the Government designate which documents, among those provided to the defendants, it intends to use as trial exhibits. The materials involved in the defendants' request consist of certain insurance company files, and certain physicians' records pertaining to personal injury claimants identified in the indictment. We find no case or statutory law supporting the defendants' request for such a list. Furthermore, despite the number of documents involved, the defendants are sufficiently familiar with a majority of the documents (for example, their own firm files), to negate any possible hardship. We, therefore, deny the defendants' request.

■ In addition to the above mentioned list, the defendants also seek discovery of the statements and memoranda of the Government's interviews with a number of potential witnesses. Such material clearly falls under Rule 16(a)(2) and is not subject to pretrial disclosure. Courts in this Circuit have indicated that neither the identity nor

the statements of Government witnesses are subject to pretrial disclosure; rather, such material is properly subject to disclosure under the timetable established by the Jencks Act. *United States v. Mitchell,* 540 F.2d 1163 (3d Cir. 1976); *United States v. Addonizio,* 451 F.2d 49, 64 (3d Cir. 1971).

 Even if the above materials were not exempted by Rule 16(a)(2), the defendants must make a *prima facie* showing of materiality under Rule 16(a)(1)(C). *United States v. Boffa,* 89 F.R.D. at 530. Although the defendants claim that the statements of potential witnesses are material to their defense, they have failed to make any showing of materiality. Because they have failed to make the required showing, we must deny their motion.

### d) *Local Rule 24 and Brady*

The defendants have argued that the Government must produce the following material: 1) all documents which are either exculpatory of the defendants or which they may be able to utilize in their defense; 2) all statements or memoranda of any person whom the Government intends to call as a witness at trial and which are materially inconsistent with the testimony which the Government expects to elicit from that person at trial; 3) the substance of any agreement between the Government and any witness which relates to immunity, nonprosecution, or sentence leniency. The defendants cite Local Rule 24 and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as authority to support their motion.

Both *Brady* and Local Rule 24 require the prosecution to release any requested evidence to the defendant which is exculpatory and/or favorable to the defendant. The Third Circuit has adopted a policy of encouraging the timely pretrial production of materials under *Brady. See United States v. Kaplan,* 554 F.2d 577, 581 (3d Cir. 1977); *Virgin Islands v. Ruiz,* 495 F.2d 1175, 1179 (3d Cir. 1974). However, the Third Circuit has not adopted the defendants' position that all materials which are properly categorized and released as Jencks materials must be produced before trial.

 Specifically, the defendants have requested that the Government produce all documents which are exculpatory or favorable to the defendants which it retains in its possession. The Government has stated that it has already released such information to the defendants and that it knows of no other exculpatory information which is in its possession. The Court in *Archer v. United States,* 393 F.2d 124 (5th Cir. 1968) held that the Government need only declare in good faith that it is without the demanded information for the court to accept its answer. *Id.* at 126. Because the defendants have neither alleged nor proven any bad faith on the part of the Government, we accept the Government's attestation as true. We, therefore, deny the defendants' motion.

 The defendants' final two requests for materials are denied because discovery of this information is clearly subject to the timetable established by the Jencks Act.

### IV.

### *Mr. Litman's Motion for a Bill of Particulars*

Mr. Litman, pursuant to Rule 7(f), has moved for a bill of particulars in which the Government would answer several questions put forth by the defendant. In support of his motion, Mr. Litman asserts that the answers he has requested are necessary to 1) prepare his defense; 2) avoid prejudicial surprise at trial, and 3) aid him in his severance motion. The Government has voluntarily responded to a portion of the defendant's questions, although we recognize that its answers could have been more clear. The defendant has responded to the Government's answer, contending that the answer is too vague and hence largely useless.

 The granting of a bill of particulars is addressed to the discretion of the trial court. *Wong Tai v. United States,* 273 U.S. 77, 82, 47 S.Ct. 300, 302 (1927); *United States v. Armocida,* 515 F.2d 49, 54 (3d Cir.

1975). The defendant is entitled to neither wholesale discovery of the Government's evidence nor to a list of the Government's prospective witnesses. *United States v. Addonizio,* 451 F.2d at 64. It is not necessary for the Government to disclose in a bill of particulars the precise details of the roles the defendant and his coconspirators allegedly played in forming and executing a conspiracy, or all the overt acts the Government will prove at trial in establishing the conspiracy. *See United States v. Boffa,* 513 F.Supp. at 485; *United States v. Carroll,* 510 F.2d 507, 509 (2d Cir. 1975).

 It is well established that a bill of particulars is not to be used by the defendant as a discovery tool. *United States v. Addonizio,* 451 F.2d at 64. It is not a means by which the defendant may compel the disclosure of every detail of the preparation and theory behind the Government's case. *Id.* The *Boffa* court has warned of the dangers that are incumbent in the careless granting of a bill of particulars:

> One of the main policy reasons for restricting its applicability is to avoid "freezing" the Government's evidence in advance of trial. Such freezing comes about because of the rule that requires proof at trial to conform to the particulars furnished in a bill.... Thus, the court is required to balance restricting the Government's proof against protecting defendants from surprise.

*United States v. Boffa,* 513 F.Supp. at 485.

 Although the bill of particulars is not a right to which the defendant is automatically entitled, he may be granted a bill of particulars when the trial court deems such information necessary to further justice and ensure that the defendant is given a fair trial. The purpose of a bill of particulars is to "inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during trial and to protect him against a second prosecution for an inadequately described defense." *United States v. Addonizio,* 451 F.2d at 63–4, *citing United States v. Tucker,* 262 F.Supp. 305, 308 (S.D.N.Y.1966).

 Initially, we note that the Government has, to some extent, responded to the defendant's questions. In addition, an examination of the indictment reveals that it contains sufficient detail to advise the defendant of the charges against him so that he will be able to prepare his defense and protect himself at trial. Accordingly, Mr. Litman's motion for a bill of particulars is denied.

### V.

*Mr. Litman's Motion to Reconsider*

In February of 1981, Mr. Litman made a motion before Chief Judge Gerald J. Weber to have his indictment dismissed based upon a Tenth Circuit decision, *United States v. Tager,* 638 F.2d 167 (10th Cir. 1980), which had been remanded to the district court. Judge Weber denied the motion on the ground that the *Tager* case was not applicable to the case at hand. Subsequent to Judge Weber's decision, the Kansas district court, on remand, reached a decision in accordance with the circuit court's instructions. *See United States v. Tager,* No. 78–20052 01 Crim. (D.Kan., filed Feb. 22, 1982). It is upon the district court's decision that Mr. Litman bases his motion to reconsider Judge Weber's denial. Mr. Litman argues that the district court's decision in *Tager* compels this court to grant his motion to reconsider and dismiss the indictment.

 We have reviewed the circuit court's decision and the district court's decision on remand. After so doing, we must agree with Judge Weber and hold that the *Tager* decisions, both the circuit court's and the district court's, are not applicable to nor controlling of the instant case. We accordingly deny the defendant's motion for reconsideration.

AND NOW, to-wit, this 17th day of September, 1982, it is ORDERED, ADJUDGED and DECREED that all motions of the defendants discussed in this Memorandum Order be, and hereby they are DENIED.