UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Issac LASKY,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Darleen ELFORD, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Timothy A. LANTZ,
Defendant-Appellant.

Nos. 77–1380, 77–1439 and 77–2168.

United States Court of Appeals,
Ninth Circuit.

July 16, 1979.

---

1. The appellant's motion, filed herein on June 27, 1979, is hereby denied as moot.

Herbert E. Selwyn, Selwyn & Capalbo, John F. M. Rodriquez, Los Angeles, Cal., for defendants-appellants.

Andrea Sheridan Ordin, U. S. Atty., Juan Robertson, and John Van Develde, Asst. U. S. Attys., Thomas D. Farrell, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, GOODWIN and TANG, Circuit Judges.

TANG, Circuit Judge:

Defendants Lasky, Elford, and Lantz appeal from jury verdicts finding the defendants guilty of multiple counts of mail fraud in violation of 18 U.S.C. § 1341.

On appeal, the defendants raise the following objections: (1) that the United States Attorney was required to inform the grand jury of the favorable outcome of a postal administrative hearing; (2) that collateral estoppel bars the initiation of the current criminal prosecution; (3) that certain evidence was improperly admitted; (4) that the evidence was insufficient to support the convictions; (5) that the government's examination of two witnesses was improper; and (6) that the court erred in restricting defense counsel's closing argument.

We find none of the alleged errors requires reversal and affirm the respective convictions.

Lasky was the president of Space Advertising, Inc. (Space). Elford was the office manager, and Lantz acted as supervisor of sales and collections. Space was in the business of soliciting the placing of orders for advertising in various newspapers in the Los Angeles area and charging fees for advertising so placed.

The business practices of Space became the subject of an investigation by the consumer protection office of the United States Postal Service. The Postal Service filed an administrative complaint seeking the suspension of mail service to Space. The complaint alleged Space violated 39 U.S.C. § 3005 [1] by using the United States mail to bill businesses for advertisements placed by other advertising agencies or to bill businesses for advertisements never placed. An administrative law judge held a hearing and dismissed the action on the grounds that the evidence failed to show that Space was engaged in a scheme or device for obtaining money or property through the mails by means of false representations.

In April of 1976, the three appellants and two other defendants were indicted on 48 counts of mail fraud, in violation of 18 U.S.C. § 1341. The indictment charged that the defendants fraudulently procured vast sums of money, primarily by establishing sham advertising companies and falsely representing to businesses that they operated advertising companies which would, for a fee, place advertisements in various publications supporting minority and veteran groups. The defendants often represented to customers that their businesses' reputation would be enhanced by advertising in certain minority and veteran publications, which sham publications were created by Space and had little or no distribution.

The defendants were also alleged to have used various deceptive business practices, such as double billing, representing that ads had already been authorized when in fact they were unauthorized by the company billed and billing for ads neither authorized nor published.

1. Along the same lines, the defendants argue that the criminal prosecution violated the fifth amendment prohibition against double jeopardy. *See Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *United States v. Dipp*, 581 F.2d 1323 (9th Cir. 1978); *United States v. Hernandez*, 572 F.2d 218 (9th Cir. 1978). This prohibition applies, however, only to successive criminal proceedings. The postal hearing, brought pursuant to 39 U.S.C. § 3005, is civil in nature. The purpose of

§ 3005 is not punitive, but, instead, is designed to protect the public. *Commissioner of Internal Revenue v. Heininger*, 320 U.S. 467, 474, 64 S.Ct. 249, 88 L.Ed. 171 (1943); *Lynch v. Blount*, 330 F.Supp. 689 (S.D.N.Y.1971), aff'd, 404 U.S. 1007, 92 S.Ct. 673, 30 L.Ed.2d 656 (1972). Even if the individual defendants had been parties to the postal hearing, which they were not, jeopardy would still not have attached because § 3005 contemplates suspension of mail service, not loss of liberty.

Lasky, Lantz, and Elford were found guilty by a jury of 23, 10, and 17 counts respectively, on an amended indictment that reduced the number of counts submitted to the jury from 48 to 23.

## I

■ Defendants' contention that the grand jury should have been informed of the dismissal of the administrative complaint heard by the administrative law judge can be quickly set at rest. In *United States v. Kennedy*, 564 F.2d 1329 (9th Cir. 1977) *cert. denied*, 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978), the court followed the Supreme Court's holding in *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), and said "only in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to a grand jury should the trial judge dismiss an otherwise valid indictment returned by an apparently unbiased jury". The prosecution was not required to present the grand jury with evidence which would tend to negate guilt. *United States v. Y. Hata and Co., Ltd.*, 535 F.2d 508 (9th Cir.) *cert. denied*, 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed.2d 92 (1976).

## II

The defendants next contend that the district court should have granted their motion to dismiss the indictment under the doctrine of collateral estoppel. Defendants contend the administrative law judge's determination that the Postal Service had failed to establish a violation of 39 U.S.C. § 3005 should have precluded their prosecution for similar acts under 18 U.S.C. § 1341.

Since the endorsement of the proposition by the Supreme Court in *United States v. Utah Construction Co.*, 384 U.S. 394, 421–11, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), courts have increasingly given res judicata and collateral estoppel effect to the determinations of administrative agencies acting in a judicial capacity. *See, e.g., Bowen v. United States*, 570 F.2d 1311, 1321 (7th Cir. 1978). Despite this general acceptance, the doctrines are not to be applied to adminis-

trative decisions with the same rigidity as their judicial counterpart. *American Heritage Life Insurance Co. v. Heritage Life Insurance Co.*, 494 F.2d 3, 10 (5th Cir. 1974); *United States v. Smith*, 482 F.2d 1120, 1123 (8th Cir. 1973). This is particularly true where their application would contravene an overriding public policy. *See, e. g., Tipler v. E. I. du Pont de Nemours and Co.*, 443 F.2d 125, 128 (6th Cir. 1971). Thus, the need to proceed cautiously in this area is acute, and due regard must be given in each case as to whether the application of the doctrine is appropriate in light of the particular prior administrative proceedings.

The application of the doctrine to the facts of this case is novel. We have found no case in which a defendant in a criminal proceeding sought to use a prior favorable administrative decision to preclude trial of the matters contained in the indictment. However, since the defendants failed adequately to raise the applicability of the doctrine of collateral estoppel before the district court, we need not determine this novel issue.

Prior to trial the defendants moved to dismiss the indictment on three grounds, one of which was based on the doctrine of collateral estoppel. In support of their motion, defendants attached the decision of the administrative law judge dismissing the Postal Service's complaint. The district court was unable to isolate the issues that were present in both the administrative hearing and the forthcoming trial. The court made repeated requests to the defendants to supply the court with record citations showing the identity of issues, but the defendants did not respond. Eventually, by a minute order, the court requested that "counsel will designate in a *proper memorandum*, with exhibits attached, the documents, with references to page and line number, that you wish the Court to consider in deciding the issues of collateral estoppel and violation of *Dionisio*." (emphasis in original). The defendants never responded to this explicit order. The court denied the motion to dismiss the indictment.

■ Defendants' failure to raise adequately the issue before the district court bars our consideration of the issue on appeal. Initially, we note that the criminal defendant claiming that collateral estoppel applies has the burden of proving what issues were decided in his favor at the prior trial. *See Turley v. Wyrick*, 554 F.2d 840, 842 (8th Cir. 1977), *cert. denied*, 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978); *United States v. Barket*, 530 F.2d 181, 188 (8th Cir. 1976). Since the doctrine of collateral estoppel applies only to matters actually litigated, it is imperative that the party claiming estoppel adequately show the controlling facts of the prior litigation. *See Bryson v. Guarantee Reserve Life Insurance Co.*, 520 F.2d 563, 566 (8th Cir. 1975). It is not enough that the party introduce the decision of the prior court; rather, the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated. Unless the defendant establishes a sufficient record in the trial court as to the issues necessarily determined in the prior proceeding, he is barred from raising the issue of collateral estoppel on appeal. *See United States v. Smith*, 446 F.2d 200, 203 (4th Cir. 1971).

■ It is apparent to us that, by failing to specify the identity of issues to the trial court, the defendants failed to meet their burden of proving what issues were actually litigated in the prior administrative proceeding. At this point, we can only speculate whether there was an identity of issues in the two proceedings.[2] The record before the district court was inadequate for it to determine whether it should apply the doctrine of collateral estoppel; in these circumstances we will not consider the issue on appeal. *See United States v. Smith*, 446 F.2d 200, 202–03 (4th Cir. 1971). By failing despite the district court's repeated request to show specifically from the record of the prior proceeding that there was an identity

of issues actually litigated, the defendants failed to meet their burden of proof. *Id. See Turley*, 554 F.2d at 842 n.2; *United States v. Feinberg*, 383 F.2d 60, 71 (2d Cir. 1967).

### III

Defendants' third contention is that the court committed reversible error by allowing into evidence certain complaint letters received by Space from companies which had been billed for advertising services. The complaints consisted of letters written directly to Space as well as letters written to the Better Business Bureau and forwarded to Space by that agency.

The letters were admitted into evidence for the purpose of showing that the defendants had notice of complaints from various businesses about the billing and other business practices of Space. The court twice informed the jury that the letters were to be considered for notice purposes only, once when the letters were received into evidence and again when the jury was instructed.

■ It is error to admit complaint documents against a defendant absent independent evidence that the defendant had actual knowledge of the documents. *Phillips v. United States*, 356 F.2d 297 (9th Cir. 1965). In the instant case the government proved actual knowledge by the defendants of the documents' existence. The record shows the letters were kept in Lasky's office, that Lasky paid particular attention to any letter that threatened to inform the authorities, and that the complaint letters were attached to the files when they were sent to other employees for collection purposes. On these facts we find that the district court did not exceed its discretion in ruling the evidence admissible. *United States v. Kearney*, 560 F.2d 1358 (9th Cir.), *cert. denied*, 434 U.S. 971, 98 S.Ct. 522, 54 L.Ed.2d 460 (1977).

---

2. We do note that the administrative proceeding took only three days, although the criminal trial was over a month long and consumed 22 volumes of transcript. Further, although overlapping, the periods of time alleged in the civil complaint and criminal indictment were different. These facts make it very probable that some of the defendants' practices on which their convictions are based were never raised before the administrative law judge.

## IV

■ In viewing defendants Lantz and Elford's claim that the evidence was insufficient to support conviction, this court is required to view the evidence in a light most favorable to the government. *United States v. Glasser*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The evidence shows both Lantz and Elford were in supervisory positions within Space and played active roles in the fraudulent schemes. The evidence is more than sufficient to uphold the jury's verdict.

## V

■ Defendants' fifth claim of error relates to questions the prosecution asked of two witnesses. On redirect examination, the government elicited a statement from a witness that he had modeled his business after Space's business. The defendants contend that the testimony was irrelevant. We find the testimony was relevant to reflect the witness's knowledge of the business practices of Space. The court did not abuse its discretion in overruling the defense objection to the question. *United States v. Kearney, supra.*

■ The defendants also contend that a question directed to defendant Lasky's attorney's law partner was improper. The law partner had recorded a pretrial conversation with a government witness without disclosing that the conversation was being recorded. The court had earlier advised the government, outside the jury's presence, that any mention of any alleged violations of law relating to the taping would not be allowed. With knowledge of the court's earlier statement, the prosecution asked the law partner on cross examination: "But you know it's a violation of California law not to do that?" The court sustained the defense objection to the question.

The prosecution claims that the recording of the statement without the witnesses' consent was deceitful, therefore bearing on the law partner's credibility and truthfulness as a witness. Although the prosecution's argument does not justify asking a question that he knows is objectionable, we find the error to be harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

## VI

■ Defendants' final contention is that the trial court's restriction of defense counsel's closing argument impeded defendant's right to effective assistance of counsel.

Defense counsel attempted to argue that no matter how voluminous the evidence appeared, the government dug up only 23 counts to prosecute. Defense counsel was aware that the original indictment contained 48 counts of mail fraud. Neither the number of counts originally charged nor the number of counts ultimately tried are relevant to the defendants' guilt or innocence on the counts tried. The trial court properly acted within its discretion in refusing to let defense counsel continue that line of argument. *United States v. Masterson*, 529 F.2d 30 (9th Cir.), *cert. denied*, 426 U.S. 908, 96 S.Ct. 2231, 48 L.Ed.2d 883 (1976).

AFFIRMED.