LARRY D. BARNETTE AND KATHLEEN C. BARNETTE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ALLIED MANAGEMENT CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barnette v. Commissioner
Docket Nos. 16906-82, 22809-82, 535-85, 620-85
United States Tax Court
T.C. Memo 1990-535; 1990 Tax Ct. Memo LEXIS 589; 60 T.C.M. (CCH) 997; T.C.M. (RIA) 90535; October 15, 1990, Filed John Harllee, for the petitioners. Bobby D. Burns, for the respondent. KORNER, Judge. KORNER
MEMORANDUM OPINION These cases, part of a larger group of consolidated cases, [1] are once again before the Court on a motion preliminary to trial. We earlier granted respondent's Motion for Protective Order, with respect to certain interrogatories of petitioners. We now address respondent's Motions for Partial Summary Judgment. At issue is whether petitioners are collaterally estopped from denying certain facts asserted by respondent, based on the results of a certain prior case. *590 The doctrine of collateral estoppel was first raised by respondent in his Amendments to Answer in these cases. It was reiterated in his Motions for Partial Summary Judgment and Amended Motions for Partial Summary Judgment. We herein collectively address all of respondent's collateral estoppel arguments. The present cases involve determined deficiencies in and section 6653(b)[2] additions to petitioners' income tax. The years 1977 through 1980 are at issue for Larry D. and Kathleen Barnette; taxable years ended May 31, 1975, 1978, 1979, and 1980 are at issue for Allied Management Corporation. Respondent's collateral estoppel arguments are based on a previous criminal case involving, among others, petitioners Larry D. Barnette and Allied Management Corporation. United States v. Barnette, et al., No. *591 83-131-Cr-J-14, United States District Court for the Middle District of Florida, affd. in part and vacated in part 800 F.2d 1558 (11th Cir. 1986) (hereinafter the "criminal case"). In fact, proceedings in two of the present cases, docket Nos. 16906-82 and 22809-82, were begun prior to issuance of the indictments in the criminal case. Our proceedings were stayed in deference to the criminal investigation, trial, and appeal. We must now decide whether the criminal case conclusively established any facts for purposes of our proceedings. The criminal case involved a twenty-five count indictment. Following an apparently lengthy, fact intensive trial, [3] Larry D. Barnette and Allied Management Corporation were convicted of conspiracy, 18 U.S.C. § 371 (1 count); mail fraud, 18 U.S.C. §§ 1341 and 1342 (5 counts); false statements, 18 U.S.C. §§ 1001 and 1002 (5 counts); bribery, 18 U.S.C. §§ 201(b) and 202 (2 counts); misapplication of government funds 15 U.S.C. § 645 and 18 U.S.C. § 2 (1 count); and racketeering, 18 U.S.C. §§ 1961, *592 1962, and 1963 (1 count). Larry D. Barnette was also convicted of two counts of filing false and fraudulent Federal income tax returns, for 1978 and 1979. Sec. 7201. The convictions were delivered via a general jury verdict, i.e., there was no statement by the jury of any specific findings of fact. The convictions were appealed to the Eleventh Circuit. That court generally affirmed the judgment of the District Court, with the exception that part of the sentence imposed on one of the counts of bribery was vacated. United States v. Barnette, supra.A petition for certiorari was denied. 480 U.S. 935 (1987). Respondent's asserted previously established facts are contained in his Amendments to Answer, Motions for Partial Summary Judgment, amended Motion for Partial *593 Summary Judgment, and Memorandum in Support of Motion for Partial Summary Judgment. They are apparently drawn from the indictments, transcripts, and exhibits of the criminal trial, as well as from the Eleventh Circuit's opinion. Respondent's assertions derived therefrom revolve around the pattern of conduct which led to petitioners Larry D. Barnette and Allied Management Corporation's convictions in the criminal case. They address a complex scheme, between July 1976 and August 31, 1983, involving, inter alia, conspiracy, corruption, bribery, and government contract fraud. Respondent bears the burden of proof in this matter. Rules 39, 142(a)(Respondent bears the burden of proof on affirmative defenses; collateral estoppel is an affirmative defense); Naftel v. Commissioner, 85 T.C. 527, 529 (1985) (party moving for summary judgment bears the burden of proof thereon). The summary nature of both summary judgment and collateral estoppel determinations require that the moving party's *594 case be precise. As a result, to obtain a summary judgment, respondent must prove "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Additionally, we assess summary judgment motions "view[ing] the factual materials and inferences to be drawn therefrom in the light most favorable to the party opposing the motion." Naftel v. Commissioner, supra at 529. Collateral estoppel also carries a stringent evidentiary burden. As the Ninth Circuit stated: Since the doctrine of collateral estoppel applies only to matters actually litigated, it is imperative that the party claiming estoppel adequately show the controlling facts of the prior litigation. * * * the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated. Unless the [moving party] establishes a sufficient record in the trial court as to the issues necessarily determined in the prior proceeding, he is barred from raising the issue of collateral *595 estoppel on appeal. [United States v. Lasky, 600 F.2d 765, 769 (9th Cir. 1979); citations omitted.]
On brief and at a hearing on this motion both respondent and petitioners relied on Emich Motors Corp. v. General Motors Corp., 340 U.S. 558 (1951).Indeed, that case contains language favorable to both sides of the present controversy: In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment. Accordingly, we think plaintiffs are entitled to introduce the prior judgment to establish prima facie all matters of fact and law necessarily decided by the conviction on which it was based. The difficult problem, of course, is to determine what matters were adjudicated in the antecedent suit. A general verdict of the jury or judgment of the court without special findings does not indicate which of the means charged in the indictment were found to have been used in effectuating the conspiracy. And since all of the acts charged need not be proved for conviction, such a verdict does not establish that defendants used all *596 of the means charged or any particular one. * * * [Emich Motors Corp. v. General Motors Corp., supra at 569; citations omitted.]
The Supreme Court went on to say that it is the province of the court hearing the collateral estoppel motion, in consideration of the previous court record, to determine what was decided by the previous case. Emich Motors Corp. v. General Motors Corp., supra.
Having examined the materials presented, and applying the above-described standards of review, we reach the following conclusions: 1 - That Larry D. Barnette and Allied Management Corporation were convicted of the above-enumerated crimes speaks for itself. These facts are not disputed by the parties. Implicit in these convictions, as well as in their affirmance by the Eleventh Circuit, is the fact that the defendants committed all the elements essential to each of these crimes. Having so decided, we point out that, at present, we find most of these convictions to be of dubious relevance to the tax matters at issue in this Court. 2 - *597 The doctrine of collateral estoppel is to be applied when its technical requisites are met and no special circumstances warrant an exception to its rules of preclusion. Montana v. United States, 440 U.S. 147, 155 (1979).Under the common application of collateral estoppel, petitioner Larry D. Barnette's convictions for filing false and fraudulent Federal income tax returns for 1978 and 1979 collaterally estop him from denying that the underpayments of tax for those years were due to fraud within the meaning of section 6653(b). Amos v. Commissioner, 360 F.2d 358, 359 (4th Cir. 1965), affg. 43 T.C. 50 (1964); Arctic Ice Cream v. Commissioner, 43 T.C. 68 (1964).Petitioner Larry D. Barnette does not dispute this. Nonetheless, in an Amendment to Reply to Amendment to Answer, he reserves the right to contest imposition of the civil fraud addition "on Constitutional grounds." Since Mr. Barnette has yet to fully state his constitutional arguments, we will allow him to later oppose the application of the civil fraud addition to tax, on constitutional grounds alone. 3 - *598 With regard to convictions of Larry D. Barnette and Allied Management Corporation which refer to indictments that contained alternative grounds upon which the jury could have based its decisions, we emphasize that no collateral estoppel effect can be derived from the general jury verdict on these matters (beyond that stated in paragraph 1, above). This is simply a necessary offspring of the general jury verdict in the criminal case, especially as construed under the standards for our review of this motion. 4 - The Eleventh Circuit's decision in the criminal case does not, by itself, have any collateral estoppel effect in these matters. That court's role was simply to determine whether there was sufficient evidence to support the jury's convictions. As its opinion states: "Our review is limited to determining whether 'a reasonable trier of fact could find that the evidence establishe[d] guilt beyond a reasonable doubt.'" United States v. Barnette, 800 F.2d at 1566 (citations omitted). In other words, the Eleventh Circuit articulated what could have been determined by the jury; it did not definitively state the basis of the jury's verdict. Such findings clearly *599 do not carry collateral estoppel effect. 5 - No collateral estoppel effects derived from the convictions of Larry D. Barnette and Allied Management Corporation in any way bind petitioner Kathleen Barnette. The doctrine of collateral estoppel applies to parties to a previous litigation and those in privity to them. Montana v. United States, 440 U.S. at 153.Kathleen Barnette was neither a party to the criminal case nor was she in privity to a party therein, with respect to the conduct there in question. See Rodney v. Commissioner, 53 T.C. 287, 307 (1969) (a wife who files a joint return with her husband is not a party privy to her husband in litigation before the Tax Court). Accordingly, she falls without the ambit of the doctrine of collateral estoppel. In summary, respondent's motion for partial summary judgment should be granted insofar as it is established that petitioner Larry D. Barnette committed fraud within the meaning of section 6653(b) for 1978 and 1979. In other respects, the motion for partial summary judgment should be denied. An appropriate Order will be issued.
Footnotes
1. Larry D. Barnette and Kathleen C. Barnette, docket No. 16906-82; Allied Management Corp., docket No. 22809-82; Larry D. Barnette and Kathleen C. Barnette, docket No. 535-85; Allied Management Corp., docket No. 620-85; Allied Management Corp., docket No. 29224-85; Larry D. Barnette and Kathleen C. Barnette, docket No. 355-88; Larry D. Barnette, docket No. 3282-88; Larry D. Barnette, docket No. 3283-88; Allied Management Corp., docket no. 3285-88; Janet L. Barnette, docket No. 11681-88; Leo David Barnette, docket No. 11682-88; and Kathleen C. Barnette, docket No. 17821-88.↩
2. All statutory references are to the Internal Revenue Code, as in effect for the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
3. At a hearing on this motion counsel for respondent stated that "There were over eighty witnesses in the criminal case and the case generally [sic] literally a room full of documents over a three-month trial."↩