## In re James H. BECKEMEYER, Debtor.

### No. 96–31124.

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

March 7, 1997.

Judy Y. Barrasso, Thomas M. Flanagan, New Orleans, LA, for Movants.

Robert F. Miller, Devereaux Proctor, Memphis, TN, for Movants.

Bettye S. Bedwell, Memphis, TN, for Debtor.

## MEMORANDUM OPINION AND ORDER RE MOTION FOR RELIEF FROM THE AUTOMATIC STAY

G. HARVEY BOSWELL, Bankruptcy Judge.

Wilbert Life Insurance Company ("Wilbert Life") and Grace Cemetery Association Perpetual Care Corporation ("Grace Cemetery") filed the instant motion for relief from the automatic stay so that they may proceed to binding arbitration against the debtor, James H. Beckemeyer, and related parties. Previously, Wilbert Life and Grace Cemetery filed a complaint in the United States District Court for the Middle District of Louisiana. In that action Wilbert Life and Grace Cemetery sued Beckemeyer, the securities brokerage firm that formerly employed him, and related parties for, *inter alia*, breach of fidu-

---

ciary duty and securities fraud. Subsequent to the filing of the complaint in district court, the debtor sought relief under Chapter 7 of Title 11 of the United States Code. Wilbert Life and Cemetery Grace then filed an adversary proceeding complaint (Adv.Proc. No. 96–1349) to determine the dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2), (4), and (6).

This court conducted a hearing on the motion for relief from the automatic stay on January 28, 1997, pursuant to Federal Rule of Bankruptcy Procedure 9014. At that hearing this court asked for counsel for the parties to submit memoranda in support of their positions. After reviewing the memoranda and the facts surrounding the motion for relief from the automatic stay, this court grants the motion of Wilbert Life and Grace Cemetery for the reasons discussed below.

The following shall serve as this court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

### I.

The Arbitration Act ("Act"), 9 U.S.C. § 1 et seq. (West 1997), sets forth the requirements for arbitration. The Act provides that where the parties agree in writing to arbitrate controversies arising out of an existing contract, such arbitration proceedings "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Further, the Act provides that the district court, of which the bankruptcy court is a part, "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The United States Supreme Court addressed the requirements imposed by the Arbitration Act in *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). In the *Byrd* case, the issue before the Court was "whether, when a complaint raises both federal securities claims and pendent state claims, a Federal District Court may deny a motion to compel arbitration of the state-law claims despite the

parties' agreement to arbitrate their disputes." *Id.* at 214, 105 S.Ct. at 1239. While the issue is not exactly the same as the issue before this court, the Court's analysis of the Arbitration Act is of great importance. In reviewing the purpose of the Act, the Court stated, "The legislative history of the Act establishes that the purpose behind its passage was to ensure judicial enforcement of privately made agreements to arbitrate." *Id.* at 219, 105 S.Ct. at 1242.

### II.

Wilbert Life, Grace Cemetery, and the debtor signed, through their respective attorneys, an agreement whereby the parties agreed to submit claims and disputes asserted in the complaint filed with the United States District Court for the Middle District of Louisiana to binding arbitration before the National Association of Securities Dealers ("NASD") in New Orleans, Louisiana. *See* Exhibit A to Wilbert Life and Grace Cemetery's Supplemental Memorandum in Support of Motion to Lift Stay. Based on this agreement to submit the matter to arbitration, this court must grant relief from the automatic stay and further stay all matters regarding the pending adversary proceeding until the parties have had the chance to arbitrate this matter before the NASD.

The debtor contends in his Memorandum in Support of Objection to Motion to Lift Stay that he will be greatly prejudiced if this court lifts the stay and forces the debtor to go forward with the arbitration proceeding. As support for this contention, the debtor states that the arbitration proceeding has been moving forward for approximately six months with all other related parties involved and without the debtor. The debtor claims that the cost to him to acquire counsel and have that counsel catch-up would be very high. However, based on the Reply Memorandum in Further Support of the Motion to Lift Stay filed by Wilbert Life and Grace Cemetery, while Wilbert Life and Grace Cemetery have requested information from the related parties, the related parties have yet to respond. Thus, the debtor will not be greatly prejudiced by moving forward with the arbitration proceeding. Further, the

NASD has scheduled an arbitration hearing in this matter for September 3–5, 1997. This will provide sufficient time for the debtor to fully prepare for the arbitration hearing. Regardless, however, this court is bound by the Arbitration Act, which requires this court to abide by the executed arbitration agreement.

### Order

It is therefore **ORDERED** that the motion for relief from the automatic stay filed by Wilbert Life and Grace Cemetery is **GRANTED.** It is **FURTHER ORDERED** that this matter proceed to arbitration pursuant to the executed arbitration agreement.

**IT IS SO ORDERED.**