In re James Henry **BECKEMEYER,**
Debtor.

**WILBERT LIFE INSURANCE COMPANY & GRACE CEMETERY ASSOCIATION PERPETUAL CARE CORPORATION, Plaintiffs,**

v.

**James Henry BECKEMEYER,**
Defendant.

Bankruptcy No. 96–31124.
Adversary No. 98–1349.

United States Bankruptcy Court,
W.D. Tennessee.

July 9, 1998.

H. Minor Pipes, III, Stone, Pigman, Walther, Wittmann, & Hutchinson, New Orleans, LA, for Plaintiffs.

Bettye S. Bedwell, Memphis, TN, for Defendant.

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

G. HARVEY BOSWELL, Bankruptcy Judge.

Pending before the Court is the Plaintiffs/Creditors' Motion for Summary Judgment. Plaintiffs Wilbert Life Insurance Company and Grace Cemetery Association Perpetual Care Corporation (hereinafter collectively referred to as "Wilbert Life") move this court for a determination that Defendant/Debtor James H. Beckemeyer's debt to them is nondischargeable pursuant to 11 U.S.C.A. § 523(a)(2)(A), (a)(4), and (a)(6). Wilbert Life bases its argument for the granting of summary judgment on the issue of the preclusive effect of a National Association of Securities Dealers ("NASD") arbitration award. This award found the Debtor liable to Wilbert Life for securities fraud and breach of fiduciary duties. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Based on the analysis below, this Court will grant Wilbert Life's Motion for Summary Judgment. The following constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

### FACTUAL SUMMARY

Wilbert Life is a small Louisiana life insurance company with its principal place of business in Plaquemine, Louisiana. Grace Cemetery Association Perpetual Care Corporation is a Louisiana non-profit corporation also in Plaquemine. It is the custodian of the perpetual care fund derived from the sale of burial plots in a small cemetery in Plaquemine. Both corporations are owned by John Wilbert who began investing with the Debtor, a registered representative of the Trading Desk of Memphis, Inc., in the fall of 1990. Around September of 1991, the Debtor began engaging in transactions involving high-risk securities, particularly those termed "inverse floaters," in Wilbert Life's accounts. Before trading was halted in these accounts in March, 1994, almost $85 million in purchases and sales had occurred. In April of 1994, Wilbert Life received margin calls related to these accounts in excess of $1.7 million.

In October of 1994, Wilbert Life filed a complaint in Louisiana state court which was removed later to the United States District Court for the Middle District of Louisiana. In that action, Wilbert Life sued the Debtor, the securities brokerage firm that formerly employed him, and related parties for, inter alia, breach of fiduciary duty and securities fraud. On August 16, 1996, subsequent to the filing of the complaint in district court, the Debtor sought relief under Chapter 7 of Title 11 of the United States Code. Wilbert Life then filed an adversary proceeding complaint (Adv.Proc. No. 96–1349) to determine the dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6). Wilbert Life filed a motion for relief from the automatic stay so that they could proceed to binding arbitration against the Debtor and related parties. Wilbert Life and the Debtor signed, through their respective attorneys, an agreement whereby the parties agreed to submit claims and disputes asserted in the complaint filed with the United States District Court for the Middle District of Louisiana to binding arbitration before the NASD in New Orleans, Louisiana. This Court granted that motion and lifted the automatic stay. *In re Beckemeyer*, 206 B.R. 466 (Bankr.W.D.Tenn.1997). The other parties sued by Wilbert Life either settled or were dismissed prior to the arbitration which was held on September 3, 1997 in New Orleans, Louisiana. The three member arbitration

panel found the Debtor guilty of securities fraud within the meaning of Rule 10b–5 of the Securities Act of 1934. The panel also found that the Debtor breached his fiduciary duties to Wilbert Life. Wilbert Life was awarded $488,166.00 in compensatory damages and $25,000.00 in punitive damages, plus interest and attorneys fees. Wilbert Life filed a Motion for Summary Judgment, and the Debtor timely filed his Objection to said motion. This Court, by order dated May, 19, 1998, ordered the automatic stay lifted in order for Wilbert Life to obtain court confirmation of the arbitration award.

## DISCUSSION

### A. Standard for Granting Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "In determining whether the non-moving party has raised a genuine issue of material fact, '[t]he evidence of [the non-moving party] is to be believed, and all justifiable inferences are to be drawn in [his] favor'." *PSI Repair Servs., Inc. v. Honeywell, Inc.*, 104 F.3d 811, 814 (6th Cir.1997) (quoting *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456, 112 S.Ct. 2072, 2076, 119 L.Ed.2d 265 (1992) ).

### B. Dischargeability of Wilbert Life's Debt

Wilbert Life contends that the Debtor's debt owing to it is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6) which reads in pertinent part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

. . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

. . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

11 U.S.C. § 523

■■■ Wilbert Life argues that the doctrine of collateral estoppel or issue preclusion (the terms are herein used interchangeably) forecloses the relitigation of the finding by the NASD arbitration panel that the Debtor committed securities fraud and breached his fiduciary duties. The Sixth Circuit has noted that "federal courts ordinarily give preclusive effect to arbitrations." *Central Transport, Inc. v. Four Phase Systems, Inc.*, 936 F.2d 256, 259 (6th Cir.1991). In Louisiana, the forum state, arbitration is favored as a public policy; therefore, arbitration awards are presumed to be valid. *Hill v. Cloud*, 648 So.2d 1383, 1387 (La.App. 2 Cir.1995). Under Louisiana law, the award of an arbitrator is res judicata and unless grounds are established, in accordance with arbitration law, for the vacation, modification or correction of the award, it must be affirmed. *Id.* The Debtor had three months from the granting of the arbitration award to serve notice of a motion to vacate, modify, or correct an award upon Wilbert Life or its attorney. LA R.S. 9:4213. This time-limit has long expired. The arbitration award is therefore final. As noted previously, this Court has lifted the automatic stay in order for Wilbert Life to obtain court confirmation of the arbitration award in the Louisiana courts. The Debtor, having let the aforementioned time line expire, will have no legal basis to object to confirmation. One of the Debtor's major arguments against giving issue preclusive effect to the arbitration award is that it is unconfirmed. This Court wonders, therefore, why the Debtor took no steps to vacate the award to prevent its now inevitable confirmation. In any case, this Court can find no Sixth Circuit guidance with respect to this issue. Other bankruptcy courts have held that confirmation is not required to apply issue preclusion so long as

the award is final under the applicable law. *Texaco, Inc. v. Wolverine Exploration Co. (In re Texaco)*, 218 B.R. 1 (Bankr.S.D.N.Y. 1998); *In re Marx* 171 B.R. 218 (Bankr. N.D.Tex.1994). Under the applicable law, the NASD arbitration in this case is final, and this Court will follow the other bankruptcy courts in holding that confirmation is not required for collateral estoppel or issue preclusion purposes.

The Debtor contends that the arbitration panel's decision cannot be given preclusive effect since it contains no detailed findings of fact. However, courts have found the lack of a finding of fact not to be necessarily fatal. The Fifth Circuit Court of Appeals has stated that the absence of written findings and reasons may make preclusion impossible "unless necessarily implied from the nature of the claim and award." *Universal Barge Corp. v. J–Chem, Inc.*, 946 F.2d 1131, 1137 (5th Cir.1991). In *O'Brien v. Zangara (In re Zangara)*, the bankruptcy court held that fraud based on the debtor's false representation was clearly and necessarily implied from the nature of plaintiff's claim, together with a close reading of the three statutes upon which the arbitrators based the award, and the unambiguous language of the award itself. 217 B.R. 26, 32 (Bankr.E.D.N.Y.1998). In the instant case, Wilbert Life alleged in its Statement of Claim filed with the NASD various acts on the part of the Debtor involving fraud, false representation, and breach of fiduciary duties. The arbitration panel explicitly based its decision that the Debtor was guilty of securities fraud upon Rule 10b–5 of the Securities and Exchange Act of 1934. The language of the Award itself is unambiguous in holding that the Debtor committed securities fraud and breached his fiduciary duties.

Courts have also required parties claiming collateral estoppel to introduce a record of the prior procedure. In *Wheeler v. Laudani*, 783 F.2d 610 (6th Cir.1986), the Court reversed and remanded a summary judgment regarding § 523(a)(6) nondischargeability based on a state court libel judgment. It was unclear to the Court whether the libel verdict was based on a finding that the debtor acted knowingly or merely recklessly. The bankruptcy court was directed to obtain the entire trial court transcript and to review the record for a determination of whether the jury verdict and judgment encompassed a finding that Laudani acted willfully and maliciously in that he knew the published statements were false. *Id.* at 615. See also, *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir.1979). By order dated March 17, 1997, this Court ordered Wilbert Life to obtain a copy of the transcript of the September 3, 1997 NASD arbitration hearing and submit it to the Court as a supplement to its Motion for Summary Judgment. Based on the record of the arbitration, the explicit finding of a 10b–5 violation, and the language of the Award, this Court rejects the Debtor's argument that the arbitration award is *per se* inadequate for issue preclusion purposes.

The Sixth Circuit Court of Appeals has held that the four requisites for issue preclusion are "1) the issue precluded must be the same one involved in the prior proceeding; 2) the issue must actually have been litigated in the prior proceeding; 3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; and 4) the prior forum must have provided the party against whom estoppel is asserted a full and fair opportunity to litigate the issue." *Central Transport*, 936 F.2d at 259; *N.L.R.B. v. Master Slack and/or Master Trousers Corp.*, 773 F.2d 77 (6th Cir.1985). The Court has reviewed the over three hundred page transcript and the more than two hundred and fifty exhibits offered into evidence in making its determination regarding the presence of the requisites for collateral estoppel.

With respect to the first prerequisite, the issues to be precluded here are actual fraud, false pretenses, false representations, breach of fiduciary duties, and willful and malicious injuries. Since the arbitration panel found the Debtor to be guilty of securities fraud and to have breached his fiduciary duties this Court finds that the issues of actual fraud, false pretenses, false representations, and breach of fiduciary duties are the same as those involved in the prior procedure. The U.S. Supreme Court has just recently held that nondischargeability under § 532(a)(6) "for willful and malicious injury" requires a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*,

—— U.S. ——, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). In light of that, this Court cannot find that the issue of wilful and malicious injury pursuant to § 532(a)(6) was dealt with in the arbitration.

Regarding the second prerequisite that the issues must actually have been litigated in the prior proceeding, this Court, having examined the entire record of the arbitration proceeding, finds that, with the above noted exception, the issues were actually litigated. As for the third prerequisite, this Court finds that determination of the issues of actual fraud, false pretenses, false representations, and breach of fiduciary duties were a critical and necessary part of the decision in the prior proceeding.

The fourth and final prerequisite for issue preclusion that the Sixth Circuit has enunciated is that the prior forum must have provided the party against whom estoppel is asserted a full and fair opportunity to litigate the issue. The Court finds the Debtor's argument that the arbitration should not be given issue preclusive effect because he was unrepresented at the arbitration hearing unpersuasive. While the Debtor did indeed represent himself at the arbitration, he had six months from the March 7, 1997 entry of the order lifting the automatic stay to allow the scheduled September 3, 1997 arbitration to proceed to retain counsel to represent him at the proceeding. He had counsel prior to the arbitration, and he has counsel now. He stated at a March 3, 1998 Rule 2004 examination that he received $11,000 per month in disability payments and stayed at the Monteleone, a not at all inexpensive hotel in the French Quarter, during the arbitration. This Court will not deny issue preclusive effect to the arbitration simply because the Debtor chose not to be represented. At the hearing, he was given a full and fair opportunity to present his evidence and to cross-examine and object. Furthermore, the Debtor had the opportunity under Louisiana law to move to vacate, modify, or correct the arbitration award. He did not. This Court finds that the fourth requisite for issue preclusion has been met.

This Court finds that the facts contained in the summary judgment record reveal that all four elements required for collateral estoppel have been met in this case. Therefore, the decision rendered against the Debtor in the NASD arbitration is hereby given collateral estoppel effect. The Debtor is collaterally estopped from relitigating the issues of actual fraud, false pretenses, false representations, and breach of fiduciary duties under 11 U.S.C. § 523(a)(2)(A) and (a)(4). By virtue of this determination, the Court finds there are no genuine issues of material fact with respect to the nondischargeability of the Debtor's debt to Wilbert Life pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4). The Court will grant Wilbert Life's Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing analysis, it is therefore **ORDERED** that the Plaintiffs/Creditors Wilbert Life Insurance Company and Grace Cemetery Association Perpetual Care Corporation's Motion for Summary Judgment is **GRANTED.** Judgment shall be entered in favor of the Plaintiff/Creditors. The Defendant/Debtor James Beckemeyer's debt to the Plaintiffs/Creditors is declared nondischargeable.

**IT IS SO ORDERED.**