NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIELLE WALLER; SUSAN SPENCER; MARGARET HARVEY, Plaintiffs-Appellants, v. PAMELA ROGERS; SMILE TRAIN FOUNDATION; STANFORD HOSPITAL; JOHN MUIR HOSPITAL; CONTRA COSTA MEALS-ON-WHEELS; CHILDREN'S HOSPITAL OF OAKLAND, Defendants-Appellees. | No. 23-16152 D.C. No. 3:23-cv-00808-VC MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted June 14, 2024
San Francisco, California

Before: GOULD, TALLMAN, and R. NELSON, Circuit Judges.

Plaintiff-Appellants Danielle Waller, Susan Spencer, and Margaret Harvey

("Appellants") appeal the district court's order dismissing their complaint against

Defendant-Appellees, Pamela Rogers and charity beneficiaries Smile Train,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Stanford Hospital, Children's Hospital of Oakland, John Muir Hospital, and Contra Costa Meals-on-Wheels ("Appellees"). Appellants, beneficiaries of a family trust ("family trust"), filed a complaint in the Northern District of California seeking declaratory relief arising out of the administration of three related *inter vivos* trusts by the Contra Costa County Probate Court ("probate court"). We review *de novo* the district court's finding that it lacked subject matter jurisdiction, and that Appellants' complaint was barred by collateral estoppel and the Rooker-Feldman doctrine. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018) (citing *Novak v. United States*, 795 F.3d 1012, 1017 (9th Cir. 2015)). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not err in determining that the California probate court had jurisdiction to determine the existence or ownership of property within a trust through a petition for instruction. Cal. Prob. Code § 17000(b)(6) explicitly vests California probate courts with the power to fully investigate matters brought to it through a trustee petition for instruction. Appellees' petition for instruction from the California Superior Court was entirely permitted by the California Probate Code, as was the probate court's response. *See Estate of Baglione*, 65 Cal. 2d 192, 196–97 (1966) ("[A] superior court sitting in probate that has jurisdiction over one aspect of a claim to certain property can determine all aspects of the claim."); *Estate*

*of Mullins*, 206 Cal. App. 3d 924 (1988). Once a petition for instruction is submitted, California courts have found that a probate court is "empowered to resolve competing claims over the title to and distribution of the decedent's property." *Estate of Heggstad*, 20 Cal. Rptr. 2d 433, 442 (1993) ("It is of no legal significance that respondent/trustee chose to seek relief through a petition for instruction . . . ."). The fact that Appellants could not independently file a complaint in the probate court against Appellees regarding the administration of the individual trust does not negate this statutory procedure.

**2.** The district court did not err in holding that collateral estoppel prohibits successive review of Appellants' complaint. Collateral estoppel prevents parties from relitigating issues actually litigated and necessarily decided in a prior action. *United States v. Real Prop. Located at Section 18*, 976 F.2d 515, 518 (9th Cir. 1992); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979); *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1357 (9th Cir. 1985). The California factors for collateral estoppel are: (1) the issue sought to be precluded from relitigation must be identical to that decided in the former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) the issue must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same

23-16152

as, or in privity with, the party to the former proceeding. *See Lucido v. Superior Ct.*, 51 Cal. 3d 335, 341 (1990).

Here, Appellants assert the district erred in applying collateral estoppel, arguing: (1) the issues in their complaint were never "actually litigated"; (2) there was no privity between Appellant Harvey and Appellants Waller and Spencer; and (3) even if the "actually litigated" and privity prongs are established, Appellees did not meet the burden of proof required. We do not find these arguments persuasive.

First, Appellants were given fair opportunity to litigate. *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019). As the probate court stated: "at trial, [Appellant] Waller had the opportunity, and failed, to present any evidence in support of her claim that the [individual] trust held family trust funds. She was given 'a fair adversary proceeding in which to fully present [her] case'" and "Ms. Waller [did] not present evidence to support her allegation that there [were] still assets [remaining]." The additional Appellants were given notice of the proceedings, and "had the opportunity to appear, object, and present evidence in support of [their] claims that the trust held family trust funds." No party appealed the decision of the probate court or filed a motion for reconsideration.

In *Lucido*, the California Supreme Court stated that an issue is "actually litigated" when both parties "presented evidence and witnesses in support of their positions, and . . . had the *opportunity* to present full cases." 51 Cal. 3d at 354

(emphasis added). There, the Court emphasized that "[a]lthough the People claim they did not present their entire case and, thus, collateral estoppel should not apply, it is enough that the People had 'notice of the hearing as well as the opportunity and incentive to present [their] case . . . . The People cannot now take advantage of the fact that [they] avoided [their] litigation responsibilities and chose not to present evidence at the prior proceeding.'" *Id*. The same applies here.

Second, Appellants Waller, Spencer, and Harvey stood in privity with one another as the beneficiaries of the family trust. It is well-established that "a non-party may be bound by a judgment if one of the parties to the earlier suit is so closely aligned with the non-party's interests as to be its virtual representative." *Mother's Rest., Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1572 (Fed. Cir. 1983) (collecting cases); *see also Milton H. Greene Archives, Inc. v. Marilyn Monroe Ltd. Liab. Co.*, 692 F.3d 983, 996 (9th Cir. 2012) (citing to *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011)). Under California law, all beneficiaries of an estate are bound by the settling decision of the probate court, and inherently share privity as "the parties interested in the estate" if the privity scheme is consistent with due process. *Carr v. Bank of America Nat'l Trust & Sav. Ass'n*, 11 Cal. 2d 366, 369 (Cal. 1938) (including minors who were not represented at the probate hearing by a guardian); *see also* Cal. Prob. Code § 11605 (order of probate court, including decree

of distribution, "binds and is conclusive as to the rights of all interested persons"); *Richards v. Jefferson Cnty.*, 517 U.S. 793, 798 (1996) (due process).

Each Appellant here had a clear shared interest in the estate. Each held a designated percentage distribution in the family trust, which could, and did, change based on the death of another named beneficiary. Under California law, any of them *could* object to the probate court proceedings, all were given notice, and all would be bound by the probate court's decision. *See Carr*, 11 Cal. 2d at 366–68. Appellant Harvey's failure to appear does not entitle Appellants to repetitive litigation already decided by the state court for similar parties and a mutual estate.

Finally, we reject Appellants' argument that Appellees failed to "meet their burden of showing a sufficient record of the prior proceedings for [the district court] to determine that the exact issues [Appellants] allege were previously litigated in Probate court." In *Clark v. Bear Stearns & Co., Inc.*, we emphasized that the party moving for collateral estoppel must "introduce a sufficient record of the [prior proceeding] to enable the trial court to pinpoint the exact issues previously determined." 966 F.2d 1318, 1322–23 (9th Cir. 1992); *see also United States v. Lasky*, 600 F.2d 765, 769 (9th Cir. 1979) (stating the party that asserts preclusion bears the burden of proof). Here, Appellees' original motion to dismiss included not only the previous court order, and the minute order, but also a declaration in support of the motion, and it included the full Second Petition and Third Petition containing

6                                                                    23-16152

all objections and exhibits. This comprises a large amount of information previously presented to the probate court, which Appellees employed to "pinpoint" similarities in issues as required by *Clark*. 966 F.2d at 1321. Appellees met their burden of proof. Accordingly, the district court did not err in applying collateral estoppel to dismiss Appellants' complaint.

**3.** Nor did the district court err in holding that Appellants' complaint is also prohibited by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine, as established in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), precludes federal district courts from exercising jurisdiction over cases that are *de facto* appeals from state court judgments. This doctrine has been consistently applied to a wide range of state court decisions, including probate proceedings. *See Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003). To constitute a *de facto* appeal, a district court looks to see if the complaint alleges a legal wrong committed by the state court and seeks relief from the judgment of that court. *Id*. at 1163. The doctrine also extends to claims that are "inextricably intertwined with a forbidden appeal." *Cooper v. Ramos*, 704 F.3d 772, 778–79 (9th Cir. 2012) (noting federal courts must "pay close attention to the relief sought" on appeal). However, the Supreme Court has emphasized that Rooker-Feldman is narrowly confined to cases where "state-court losers" seek federal court review, and does not apply to constitutional challenges or federal suits brought by non-parties to

the state court action. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Appellants attempt to relitigate issues that they litigated and lost in front of the California probate court. The probate court had already litigated and decided the two key issues Appellants raised in their district court complaint, holding that Appellee Rogers successfully fulfilled her duty as Trustee, and that no comingled funds existed between the trusts. Appellants implicitly and explicitly challenge the correctness of that state-court judgment. *See Exxon Mobil Corp.*, 544 U.S. at 284; *Tellez v. Proiettii*, No. 1:24-cv-00408-KES-SKO, 2024 WL 1742028, at \*4 (E.D. Cal. Apr. 22, 2024) (dismissing complaint where "Plaintiff essentially seeks an order overturning the adverse decisions of [a probate judge] establishing an estate's claim of ownership to property and directing its transfer to the estate"). Appellants assert the probate court erred legally by failing to recognize comingled funds and by finding that the Trustee successfully discharged her duties—and ask for relief from that judgment as a remedy. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163).

We have previously emphasized that the Rooker-Feldman doctrine extends to claims that are "inextricably intertwined with a forbidden appeal," meaning that "the relief requested" in those claims "would effectively reverse the state court decision or void its ruling." *Cooper*, 704 F.3d at 778–79. This is the case here. The

introduction of a breach of fiduciary duty claim relies entirely on revisiting the very issues raised in front of the probate court—and asks the district court to find that Rogers knew or should have known that comingled funds existed between the trusts. To rule in Appellants' favor on a breach of fiduciary duty claim, the district court would necessarily have to find that the probate court erred in determining no comingled funds existed, and therefore also erred in determining Rogers had properly fulfilled her role as trustee. This is clearly barred by Rooker-Feldman.

As we lack jurisdiction, we decline to address whether the probate exception applies to *inter vivos* trusts.

**AFFIRMED.**